HAYES LOCKLEAR, JR., EMPLOYEE v. ROBESON COUNTY, EMPLOYER, SHELBY
MUTUAL INSURANCE COMPANY, CARRIER

No. 8110IC307

(Filed 1 December 1981)

**Master and Servant § 55.3— workers' compensation—injury while lifting ambulance patient—accident**

    The evidence supported a determination by the Industrial Commission that plaintiff ambulance attendant suffered an injury by accident to a disc of the lumbar spine at the time he lifted a woman patient and removed her from a car where plaintiff's partner testified that he experienced "an unusual jerking motion from plaintiff" as plaintiff almost dropped the woman's body when he was removing her from her car, since such sudden jerking and near loss of load supported the conclusion that plaintiff's injury resulted from an unlooked for and untoward event not expected or designed by the employee.

APPEAL by defendants from the Industrial Commission, opinion and award filed 12 December 1980. Heard in the Court of Appeals 22 October 1981.

Defendants appeal from an award of workers' compensation benefits to plaintiff.

*G. B. Johnson for plaintiff appellee.*

*I. Murchison Biggs, P.A., by Adelaide G. Behan, for defendant appellants.*

WHICHARD, Judge.

Plaintiff sought workers' compensation benefits for a back injury which his treating physician indicated could have been caused by a small ruptured disc of the lumbar spine at the time he lifted a patient in the course of his employment by Robeson County as an ambulance attendant. After a hearing on plaintiff's claim the hearing officer found the following facts: At the time of his injury plaintiff had been employed as a Robeson County ambulance attendant for two years. His employment generally required him to drive an ambulance and pick up patients, and to clean the floors of the ambulance parking bay. On 30 May 1977 plaintiff and

a fellow employee, Douglas Wayne Maynor, answered a call to assist a woman who had passed out in her car. The woman was in the driver's side of the car, partially sitting and partially lying down. Plaintiff got in the driver's side and lifted the woman under her arms, and Maynor lifted under her knees from the passenger side. They removed the woman, who weighed 155 pounds, feet first from the passenger side with plaintiff walking across the seat on his right knee and across the floorboard on his left foot. They had to twist the woman to remove her. Maynor felt an unusual jerking motion as if plaintiff were going to lose the load when plaintiff exited the car carrying the woman. Plaintiff came out of the car all bent over. They put the woman on a stretcher and loaded it in the ambulance. When plaintiff sat in the ambulance he noticed pain in his lower back and was so sore that he could hardly sit down.

The hearing officer concluded that plaintiff suffered an injury by accident arising out of and in the course of his employment and awarded benefits. In making the conclusion the officer stated, "[t]he cramped and awkward position in which plaintiff removed this body coupled with the jerk and loss of balance with the load which can be inferred therefrom was an unexpected event and interruption of the work routine which introduced unusual conditions likely to result in unexpected consequences." The full commission affirmed and adopted the hearing officer's decision.

Plaintiff offered his own testimony and that of Douglas Wayne Maynor. Defendant offered no contrary evidence. The commission's findings of fact restate the testimony of plaintiff and Maynor and are therefore fully supported by evidence in the record. Consequently, the findings are conclusive on appeal. *Jackson v. Highway Commission,* 272 N.C. 697, 158 S.E. 2d 865 (1968). The appeal presents the question whether the findings support the commission's conclusions of law.

To receive workers' compensation benefits, plaintiff must have sustained an injury by accident arising out of and in the course of employment. G.S. 97-2(6). An accident is "(1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produced by a fortuitous cause." *Harding v. Thomas & Howard Co.,* 256 N.C. 427, 428, 124 S.E. 2d 109, 110-111 (1962). "[T]here must be some unforeseen or unusual event other than the bodily injury itself" for an incident to constitute an accident within the meaning of the Workers' Compensa-

tion Act. *Rhinehart v. Market,* 271 N.C. 586, 588, 157 S.E. 2d 1, 3 (1967).

The facts found by the hearing officer and adopted by the full commission support the conclusion that plaintiff's injury resulted from an accident. Plaintiff's partner experienced "an unusual jerking motion from plaintiff" as plaintiff almost dropped the woman's body when he was removing her from her car. Such sudden jerking and near loss of load supports the conclusion the plaintiff's injury resulted from an unlooked for and untoward event not expected or designed by the employee. We therefore affirm the commission's opinion and award.

Affirmed.

Judges VAUGHN and HILL concur.