LEE H. GUNTER, Employee, Plaintiff v. DAYCO CORPORATION (DAYCO-WAYNESVILLE), Employer, and NATIONAL UNION FIRE INSURANCE COMPANY, Carrier, Defendants

No. 8410IC1

(Filed 15 January 1985)

**Master and Servant § 55.3— workers' compensation—new duties given employee— injury sustained during twisting and jerking—accident**

    The Industrial Commission properly concluded as a matter of law that plaintiff sustained an injury by accident where plaintiff was transferred by his employer to new duties which required more strenuous physical activity, different from the activity in his original position; plaintiff spent two days working with a training crew learning his new duties before he was injured the next morning; the new duties involved unfamiliar turning and jerking movements; and the Commission could thus find that the injury occurred as a result of the interruption of plaintiff's normal work routine.

    Judge WEBB dissenting.

APPEAL by defendants from North Carolina Industrial Commission Opinion and Award of 2 September 1983. Heard in the Court of Appeals 28 September 1984.

The defendants appeal from compensation awarded to the plaintiff. The plaintiff testified before Deputy Commissioner Lisa Shepherd that as a result of economic conditions at Dayco Corporation he was told he would be laid off. Because of his seniority he was entitled under his union contract to displace a worker with less seniority, which he chose to do. In his former job he operated a mechanical chainlift to do any heavy lifting as he fed raw materials into a calendar. He did no manual labor or heavy pushing or pulling. He spent two days observing and two days on a training crew learning how to do his new job and then began doing it. His new assignment entailed putting hose on a mandrel which was then rolled into an oven for curing and then removing the hose after it had been "cured." The putting on and taking off of the hose required strenuous twisting and jerking of the hose. Plaintiff testified: "As to the details of what happened at the time I was injured, well, it's just putting them on and taking them off, it's learning how and it's a whole lot of knowing how to do it." He testified further, "[a]s to what happened, I was taking one off and was trying to get it off, and I jerked it and twisted it, and it pulled my arm, my left arm."

Deputy Commissioner Lisa Shepherd found that "at the time plaintiff was injured his normal work routine had not been interrupted by any unusual condition or occurrence" and denied the plaintiff's claim. On appeal the full Commission stated that *Adams v. Burlington Industries,* 61 N.C. App. 258, 300 S.E. 2d 455 (1983) governs. The full Commission modified a finding of fact in part as follows:

> 3. Plaintiff's new job involved greater exertion and twisting movements not involved in his previous job and these circumstances constituted an interruption of his normal work routine. He therefore sustained an injury by accident arising out of and in the course of his employment on December 18, 1981.

Based on this finding, the full Commission, with Chairman Stephenson dissenting, awarded compensation to the plaintiff.

The defendants appeal.

*Smith, Patterson, Follin, Curtis, James and Harkavy by Donnell Van Noppen, III, for plaintiff-appellee.*

*Russell and Greene, by J. William Russell for defendant-appellants.*

EAGLES, Judge.

The plaintiff in this case was transferred by his employer to new duties that required more strenuous physical activity, different from the activity in his original position. He spent two days working with a training crew learning the new duties before he was injured the next morning. The resolution of this appeal depends on whether the Industrial Commission may find from these facts that the plaintiff was injured in an accident. We hold that the Industrial Commission may.

The term "accident" as used in the Workers' Compensation Act has been defined as "an unlooked for and untoward event which is not expected or designed by the person who suffers the injury"; its elements are "the interruption of the routine work and the introduction thereby of unusual conditions likely to result in unexpected consequences." See *Adams v. Burlington In-*

*dustries, supra; Porter v. Shelby Knit, Inc.,* 46 N.C. App. 22, 264 S.E. 2d 360 (1980).

On its facts and in terms of the applicable rule, the instant case is strikingly similar to *Adams v. Burlington Industries, supra.* There an employee in new duties accidentally injured himself while engaged in unfamiliar twisting and turning movements not necessary in his other position. Here the employee was moved to new duties which involved unfamiliar and strenuous twisting, turning and jerking movements which he had not been required to do in his former position. In both cases the injury occurred early in the familiarization process of the newly assigned duties. In *Adams* the assignment was temporary and the injury occurred on the first day; here the injury occurred on the first day plaintiff worked after the two-day training period.

We find that plaintiff's testimony constituted competent evidence from which the full Commission could have found that the injury occurred "as a result of the interruption of the plaintiff's normal work routine." It clearly involved the introduction of new circumstances not a part of his normal routine. The findings of fact of the Industrial Commission are conclusive on appeal if there was any competent evidence to support them. *Jackson v. Highway Commission,* 272 N.C. 697, 700, 158 S.E. 2d 865, 867 (1968); *Locklear v. Robeson County,* 55 N.C. App. 96, 284 S.E. 2d 540 (1981). The findings are binding on us even if the evidence presented could have supported findings to the contrary. *Searcy v. Branson,* 253 N.C. 64, 116 S.E. 2d 175 (1960).

The facts found by the full Commission support the conclusion that plaintiff's injury resulted from an "accident."

In the instant case, just as in *Adams, supra,* "the combined extra exertion and twisting movements required by the . . . job do support the conclusion that plaintiff's injury resulted from an unexpected and unforeseen event not anticipated or designed by the employee." *Harding v. Thomas & Howard Co.,* 256 N.C. 427, 124 S.E. 2d 109 (1962). The plaintiff's work routine using mechanical chainlift equipment to do any required lifting was interrupted by the addition of jerking, turning and twisting movements required by the new duties. We hold that the Commission properly concluded as a matter of law that plaintiff sustained an injury by "accident." *Gladson v. Piedmont Stores,* 57 N.C. App. 579, 292

S.E. 2d 18, *rev. denied,* 306 N.C. 556, 294 S.E. 2d 370 (1982); *Locklear v. Robeson County, supra; Porter v. Shelby Knit, Inc., supra.*

The opinion and award of the Industrial Commission is

Affirmed.

Judge WHICHARD concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent. The undisputed facts are that the plaintiff was carrying out the duties of his job when he was injured. There is nothing to show the normal work routine of his job was interrupted. I do not believe that from these facts the Commission could conclude there was an accident. The fact that the plaintiff had only recently been assigned to the job should not make a difference. I would distinguish *Adams v. Burlington Industries,* 61 N.C. App. 258, 300 S.E. 2d 455 (1983) on the ground that in that case the plaintiff was on a one-day assignment. Whether or not we like it, the law governing this case requires that the plaintiff be injured in an accident in order for him to receive compensation. I believe that by holding he was so injured we have usurped the function of the legislature.