VIVIAN OGLE COFFEY, WIDOW OF HARLEY E. COFFEY, DECEASED v. AUTOMAT-
IC LATHE CUTTERHEAD, DEFENDANT-EMPLOYER AND PENNSYLVANIA
NATIONAL MUTUAL INSURANCE COMPANY, DEFENDANT-CARRIER

No. 8110IC1015

(Filed 18 May 1982)

Master and Servant § 55.1— workers' compensation—accident—compensation im-
properly denied

The Industrial Commission erred in concluding plaintiff did not sustain an
injury by accident where the evidence tended to show that plaintiff was a
heavy man only about 71 inches tall; that as he was returning in the company
car to defendant's parking lot, his order pad slipped off the seat and lodged
between the passenger door and the seat; that plaintiff parked the car, opened
the door, set his left foot on the gravel in the parking lot and turned to get his
order pad; and that when he turned to get his order pad he injured his back.
The evidence did not support the Commission's ultimate finding that at the
time plaintiff was injured, he "was engaged merely in exiting from his car in
the manner in which he normally exited from his car."

APPEAL by plaintiff from the North Carolina Industrial Com-
mission. Opinion entered 20 July 1981. Heard in the Court of Ap-
peals 5 May 1982.

At the time he was injured, Harley Coffey had been
employed with the Automatic Lathe Cutterhead Company
(hereinafter "defendant") for approximately 13½ years. He used a
company car to carry out his routine duties. On 5 January 1979,
he was returning in the company car to defendant's parking lot.
As he made a lefthand turn into the lot, his order pad, which had
been beside him on the seat, slid off the seat and lodged between
the (passenger) door and the seat. Coffey parked the car, opened
the door, set his left foot on the gravel in the parking lot and
turned to get his order pad. He reached across the seat to get the
pad, started turning back to the left, and felt a stinging sensation
in his lower back. He got out of the car and put both feet on the

ground. At that time, the pain was so severe his legs folded and he fell to his knees. In a few minutes he was able to get up and go inside. He was subsequently treated by several doctors. On 5 February, a lumbar laminectomy was performed and an extruded disc was removed. His doctor gave Coffey a permanent partial disability rating of 25 percent. At the time of his injury, Coffey was over 50 years old, was 5'11½" tall, had a 38 inch waist, and weighed 215 pounds. The order pad he used in his work was about the size of a clipboard and weighed about a pound or a pound and a half.

The hearing officer awarded Coffey compensation, finding that he had sustained an injury by accident when he stretched across the seat to retrieve his order book. Following the hearing, Coffey died, apparently from unrelated causes, and his widow was substituted as the plaintiff in this action. The case was appealed to the Full Commission and on appeal, the Full Commission, with one commissioner dissenting, denied compensation.

From the opinion of the Industrial Commission denying compensation, plaintiff has appealed.

*Sigmon, Clark & Mackie, by Jeffrey T. Mackie and Barbara H. Kern, for plaintiff-appellant.*

*Farthing & Cheshire, by Edwin G. Farthing, for defendant-appellee.*

WELLS, Judge.

The hearing officer's opinion and award contained the following pertinent findings of fact and conclusion of law:

### FINDINGS OF FACT

. . .

2. Plaintiff had worked for defendant employer [for] 13½ years as a sales representative on the date of the alleged injury, January 5, 1979. He called on wholesale furniture accounts and took orders. He used a three-quarter inch thick order book on a clipboard which weighed approximately 1½ pounds.

3. Defendant employer furnished plaintiff with a 1978 Chevrolet Impala which had a 54 inch bench front seat to

travel in. He had had this vehicle one year on the date of the alleged injury.

4. Plaintiff drove back into the company parking lot on Friday, January 5, 1979 at 2 p.m. The lot was covered with loose stone. He placed his left foot out on the parking lot in his customary manner and reached to his right side to pick up his order pad and clipboard. The clipboard had slipped to the right side of the seat and slid down between the right part of the front seat and the inside of the right door. Plaintiff leaned over to his right and stretched to get the order pad which was lodged between the seat and the right door. As he reached across the seat to the right door with his left foot on the ground, he felt a stinging (burning) sensation in his lower back, like a bee sting. He then raised back up, turned and placed his right foot out on the gravel. He stood up and the pain was so severe, he fell to the ground. After sitting on the ground a short while, he went in and told Randy Buchanan. The clipboard and order book was [sic] usually in the middle of the front seat to his right.

. . .

9. On January 5, 1979, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer when he stretched across the seat to retrieve an order book and clipboard which had slipped between the seat and right door. This was an unlooked for and untoward event which is not expected or designed by the injured employee, but a result produced by furtuilous [sic] cause.

. . .

### Conclusions of Law

1. On January 5, 1979, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer. . . .

. . ..

On appeal, the Full Commission adopted findings of fact numbered 2, 3, and 4 quoted above, but vacated finding number 9

and conclusion number 1 above, and substituted its finding and conclusion, as follows:

### FINDING OF FACT

9. On 5 January 1979, plaintiff sustained an injury to his back arising out of and in the course of his employment with the defendant employer. However, at the time he felt pain, plaintiff was engaged merely in exiting from his car in the manner in which he normally exited from his car. That plaintiff had to reach to the end of the seat to retrieve his order pad, as opposed to the middle of the seat where he normally placed the pad, does not create an exceptional circumstance or an unusual condition, nor was plaintiff's normal manner of exiting from his car thereby interrupted. Therefore, although plaintiff sustained an injury to his back, such injury did not arise by accident and thus is not compensable.

. . .

### CONCLUSION OF LAW

At the time complained of, plaintiff was engaged in his normal routine under normal work conditions and did not sustain an injury by accident. Thus, he is not entitled to the benefits of the Workers' Compensation Act.

The Commission's own finding of fact that Coffey, a heavy man only about 71 inches tall, with his left foot on the ground outside the car, had to reach all the way across a 54 inch bench seat to retrieve the clipboard lodged between the end of the seat and the passenger door, simply does not support the Commission's ultimate finding that at the time Coffey was injured, he "was engaged merely in exiting from his car in the manner in which he normally exited from his car". Nor does the evidence support the Commission's finding that there was no unusual circumstance or condition. In fact, its own findings show the unusual circumstance of the clipboard being off the seat at the far end, rather than in its usual place in the middle of the seat. The Commission's own finding also shows that Coffey's normal manner or routine of exiting his car was interrupted by the unusual location of the clipboard. Not only does the Commission's own finding not support its ultimate finding of no unusual conditions or interruption of

normal routine, such ultimate findings are not supported by the evidence. The evidence clearly shows that the clipboard was usually on the seat beside Coffey, within easy reach as he exited the car, and that on the occasion of his injury, with his left foot on the ground, he had to lean and reach all the way across a 54 inch seat to dislodge the clipboard from its position between the seat and the door, and that as he began the movement to straighten up from this unusual position, he immediately felt a sharp pain in his back.

We find that the Commission's own findings of fact, as well as the evidence, support neither the Commission's finding that Coffey was engaged in his normal work routine under normal conditions nor the conclusion that he did not sustain his injury by accident. We are persuaded that the only conclusion that can be made upon the Commission's findings and upon the evidence is that Coffey experienced an accidental injury upon the interruption of his usual routine of work and the introduction of unusual conditions likely to result in unexpected consequences. *See Pardue v. Tire Co.*, 260 N.C. 413, 132 S.E. 2d 747 (1963) and cases cited therein; *Dunton v. Construction Co.*, 19 N.C. App. 51, 198 S.E. 2d 8 (1973). The accident suffered by Coffey was the subjecting of his torso and back to significant and unusual stress due to the strained position he assumed in reaching for his clipboard. His injury was caused by this accident. *See Porter v. Shelby Knit, Inc.*, 46 N.C. App. 22, 264 S.E. 2d 360 (1980).

The opinion and award of the Full Commission is reversed, and the cause is remanded with instructions to reinstitute the award of the hearing officer.

Reversed and remanded.

Judges WEBB and WHICHARD concur.