JUDITH A. GLADSON, Employee, Plaintiff v. PIEDMONT STORES/SCOTTIES DISCOUNT DRUG STORE, Employer and CASUALTY RECIPROCAL EXCHANGE, Carrier, Defendants

No. 8110IC546

(Filed 1 June 1982)

**Master and Servant § 55.3— workers' compensation—conclusion injury resulted from "accident" proper**

 The Industrial Commission properly concluded that plaintiff's injury resulted from an "accident" under G.S. 97-2(6) where plaintiff was lifting crates and lifted one which was "heavier than usual" and caused an injury to her back.

APPEAL by defendants from the Industrial Commission. Opinion and award filed 30 March 1981. Heard in the Court of Appeals 28 January 1982.

*Kennedy W. Ward, P.A., for plaintiff appellee.*

*Stith and Stith, by F. Blackwell Stith, for defendant appellants.*

WHICHARD, Judge.

The Industrial Commission awarded workers' compensation to plaintiff for a back injury sustained when she lifted a crate in the course of her employment as defendant employer's store manager. The principal issue is whether the Commission properly concluded that the injury resulted from an "accident." G.S. 97-2(6) (1979). We hold that it did.

> Our Supreme Court has defined the term 'accident' as used in the Workers' Compensation Act as 'an unlooked for and untoward event which is not expected or designed by the person who suffers the injury.' [Citations omitted.] The elements of an 'accident' are the interruption of the routine of work and the introduction thereby of unusual conditions likely to result in unexpected consequences. [Citations omitted.]

*Porter v. Shelby Knit, Inc.,* 46 N.C. App. 22, 26, 264 S.E. 2d 360, 363 (1980).

> An accident is '(1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produced by a fortuitous cause.' [Citation omitted.]

'[T]here must be some unforeseen or unusual event other than the bodily injury itself' for an incident to constitute an accident within the meaning of the Workers' Compensation Act. [Citation omitted.]

*Locklear v. Robeson County,* 55 N.C.App. 96, 97-98, 284 S.E. 2d 540, 541-42 (1981).

The crucial findings of facts relating to the accident issue here are the findings that the crate plaintiff lifted was "heavier than she realized" and "heavier than usual." The findings are supported by the following competent evidence in the record:

Plaintiff testified that the crates she was lifting were "stacked 5 high." She had lifted four of the crates in one stack. She opened the lid of the fifth and found that it contained Maalox, a remedy for ills of the stomach. She lifted it and "realized it was heavier than what [she] thought." When she "picked this crate up, [she] realized it was heavier than usual." It was "heavier than the other ones [she] had been picking up before this." She swung it onto a pushcart to her right and "[her] back started hurting and [she] fell to [her] knees on the floor." The other crates were not heavy. Compared to the others, the crate plaintiff lifted "was real heavy."

Plaintiff's fellow employee testified that Maalox was usually separated in several different crates, with "6 in one, maybe 12 in one, but very seldo[m] any other; never a full crate." She estimated that, by contrast, there were approximately 24 bottles of Maalox in the crate plaintiff lifted. She testified: "I would say that there was three or four times more in that crate. That would have made it three or four times heavier."

Because the findings that the crate plaintiff lifted was "heavier than she realized" and "heavier than usual" are supported by the foregoing competent evidence, they are conclusive on this appeal. *Porter,* 46 N.C. App. at 25, 264 S.E. 2d at 362. The findings support the conclusion of law that "[t]here was an interruption of plaintiff's regular work routine" and that she thus "sustained an injury by accident arising out of and in the course of her employment . . . ." The heavier than expected and heavier than usual nature of the crate constituted the requisite "unlooked for and untoward event . . . not expected or designed by [plain-

tiff]." *Porter, supra.* The work routine, the lifting of lighter crates, was interrupted by introduction of a crate heavier than expected and heavier than usual. This created an unusual condition, an unforeseen event, likely to result in unexpected consequences. The Commission was thus warranted in concluding as a matter of law that plaintiff suffered an injury "by accident." *Locklear, supra; Porter, supra. See also Coffey v. Automatic Lathe,* --- N.C. App. ---, 291 S.E. 2d 357 (1982).

We have carefully examined defendants' other contentions, and we find therein no basis for reversal. The opinion and award of the Industrial Commission is therefore

Affirmed.

Judges CLARK and ARNOLD concur.