EVELYN D. BOWLES v. CTS OF ASHEVILLE, INC. AND AMERICAN MOTORISTS INS. CO.

No. 8510IC84

(Filed 29 October 1985)

**Master and Servant §§ 55.3, 65.2— workers' compensation—pain in back—no compensable injury by accident**
    Plaintiff did not suffer a compensable injury by accident within the meaning of G.S. 97-2(6) prior to its 1983 amendment where pain in plaintiff's back had been building up over a period of months and pain she felt on 6 April 1983 was the same type of pain but was worse than before, and where plaintiff was working on 6 April under conditions identical to those under which she had worked throughout her employment as a quality control inspector.

APPEAL by defendants from the opinion and award of the Industrial Commission entered 20 August 1984. Heard in the Court of Appeals 17 September 1985.

*Randolph G. Romeo for plaintiff appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, by Martha W. Surles, for defendant appellants.*

BECTON, Judge.

In this workers' compensation case, the defendants appeal from the award of benefits by the Industrial Commission to the plaintiff, Evelyn D. Bowles.

Ms. Evelyn Bowles was employed by defendant CTS of Asheville, Inc. (CTS) as a parts inspector in the quality control department for several years. Metal or tin pans containing parts for her inspection routinely were brought to her work station. The pans were stacked three to five pans high on a pallet. Since October 1982, Ms. Bowles had to pull the pans with a hook or by hand across a rough area in the floor where a machine had been. She pulled ten to sixty pans each work day. Each day for three or four years Ms. Bowles had difficulty pulling apart the pans to inspect the parts because the pans were warped and bent and often stuck together. She experienced back pains for four or five months prior to 6 April 1983. She first noticed the pains when she pulled on the pans at work, and the pain gradually got worse. She felt the pain whenever she pulled on the pans.

On 6 April 1983, Ms. Bowles was performing her regular job and had difficulty pulling apart two pans. She asked a co-worker for assistance, as she had done many times before, and together, with the usual effort, they tried to separate the pans. She felt the same type of back pain on this occasion as she had felt before, but it was a lot worse. They were unable to separate the pans, but this was not unusual.

In a recorded statement, considered by the Industrial Commission, Ms. Bowles said there was no particular day when she was injured, but that the pain in her back had been gradually building up for three to four months.

On 16 February 1984, Deputy Commissioner Stephens filed an opinion and award that denied Ms. Bowles' claim, concluding that "[a]ny injury which plaintiff sustained to her back on 6 April 1983 did not arise by accident." On 20 August 1984, the Commission filed an opinion and award that reversed the Deputy Commissioner's decision and awarded Ms. Bowles compensation because the Commission concluded as a matter of law that "Plaintiff sustained an injury by accident arising out of and in the course of her employment on 6 April 1983 as the result of an in-

terruption of her normal work routine . . . ." Chairman Stephenson filed a dissent. Because we believe there is no evidence to support the finding of the Commission that Ms. Bowles' injury arose by accident as that term is defined in N.C. Gen. Stat. Sec. 97-52 (1979), we reverse the Commission.

The sole issue on appeal is whether the evidence of record in this case supports the conclusion that Ms. Bowles' back pain was the result of an accident and is therefore compensable under this State's Workers' Compensation Act. An injury occurring in the course of employment is compensable under the Act only if it is caused by accident. The term "accident" is defined by the Supreme Court as: "(1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produced by a fortuitous cause." *Harding v. Thomas and Howard Co.*, 256 N.C. 427, 428, 124 S.E. 2d 109, 110-11 (1962) (citations omitted).

In *Harding*, the Industrial Commission had found that the plaintiff had been injured by accident in the course of employment. The employee had worked for more than six years as a truck driver and regularly assisted in loading and unloading the truck at a warehouse and along his delivery routes. "The injury occurred as he picked up [a twelve-pound] case of coffee, just as he had been doing for six and one-half years. He went through the same motions, and as far as he knew did identically what he had been doing on all prior occasions. The truck was loaded and unloaded in the same way, and carried similar articles." *Id.* at 428, 124 S.E. 2d at 110. The Court reversed the Commission because this evidence was insufficient to sustain a finding of injury by accident. *Id.* at 429-30, 124 S.E. 2d at 111.·

> To sustain an award of compensation in ruptured or slipped disc cases the injury to be classed as arising by accident must involve more than merely carrying on the usual and customary duties in the usual way. . . . Accident and injury are considered separate. Ordinarily, the accident must precede the injury. . . . Accident involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. . . .
>
> Complaint is sometimes made that this Court has placed too much emphasis on "accident" and too little on "injury."

Our interpretation of the Workmen's Compensation Act is well known to the legislative department of the State. If and when a change is desirable, the General Assembly has ample power to make it.

*Id.* at 429, 124 S.E. 2d at 111 (citations omitted).

The cases upholding compensation awards involve some activity by the employee which is unusual for that employee. For example, awards have been upheld to compensate for injuries sustained in stripping concrete floors in a manner that was not part of the employee's regular work, *Faires v. McDevitt and Street Co.*, 251 N.C. 194, 110 S.E. 2d 898 (1959), in lifting large scrap lumber when the employee usually handled only finished lumber, *Key v. Wagner Woodcraft*, 33 N.C. App. 310, 235 S.E. 2d 254 (1977), and in pulling "extra hard" on a roll of cloth when the employee strained more than usual to accomplish her task, *Porter v. Shelby Knit, Inc.*, 46 N.C. App. 22, 264 S.E. 2d 360 (1980). In accord is *Adams v. Burlington Industries, Inc.*, 61 N.C. App. 258, 300 S.E. 2d 455 (1983), in which this Court held that an injury is caused by "accident" when it is the result of the interruption of the employee's straight-posture work routine by the introduction of "turning and twisting movements" required by a new task. *Id.* at 262, 264 S.E. 2d at 457.

It is equally clear from the cases that once an activity, even a strenuous or otherwise unusual activity, becomes a part of the employee's normal work routine, an injury caused by such activity is not the result of an interruption of the work routine or otherwise an "injury by accident" under the Workers' Compensation Act. *See, e.g., Hensley v. Farmers Federation Cooperative*, 246 N.C. 274, 98 S.E. 2d 289 (1957) (twisting movement became part of job); *Trudell v. Seven Lakes Heating & Air Conditioning Co.*, 55 N.C. App. 89, 284 S.E. 2d 538 (1981) (low crawl space became part of work routine after one or two weeks); *King v. Exxon Co.*, 46 N.C. App. 750, 266 S.E. 2d 37, *disc. rev. denied*, 301 N.C. 92, 273 S.E. 2d 299 (1980) (straining to lift heavy computers became part of routine); *Smith v. Burlington Industries, Inc.*, 35 N.C. App. 105, 239 S.E. 2d 845 (1978) (working in cramped and awkward position became part of job); *Southards v. Byrd Motor Lines, Inc.*, 11 N.C. App. 583, 181 S.E. 2d 811 (1971) (lifting heavy objects was a regular task).

---

---

It is insufficient as a matter of law to show only that in the past a regular activity caused no pain and that the same activity now causes pain. *See Davis v. Raleigh Rental Center*, 58 N.C. App. 113, 292 S.E. 2d 763 (1982); *Russell v. Pharr Yarns, Inc.*, 18 N.C. App. 249, 196 S.E. 2d 571 (1973). There must be a specific fortuitous event, rather than a gradual build-up of pain, in order to show injury by accident. *Trudell; O'Mary v. Land Clearing Corp.*, 261 N.C. 508, 135 S.E. 2d 193 (1964).

In addition to the case law defining "accident" under the Workers' Compensation Act, it is important to keep in mind the specific legislative limitation placed on the interpretation of this term:

> The word "accident," as used in the Workers' Compensation Act, shall not be construed to mean a series of events in employment, of a similar or like nature, occurring regularly, continuously or at frequent intervals in the course of such employment, over extended periods of time, whether such events may or may not be attributable to fault of the employer and disease attributable to such causes shall be compensable only if culminating in an occupational disease mentioned in and compensable under this Article. . . .

N.C. Gen. Stat. Sec. 97-52 (1979). The purpose of this Section and Section 97-53 was to compensate employees for occupational disease as defined in the Act. *Henry v. A. C. Lawrence Leather Co.*, 234 N.C. 126, 66 S.E. 2d 693 (1951). The limitation on the meaning of "accident" simply prevents claims for maladies that are neither occupational in nature nor arise from an event definite in time and place. *See id.* This Section precludes claims for conditions that develop gradually but do not fall into the category of occupational disease. *Murphy v. American Enka Corp.*, 213 N.C. 218, 195 S.E. 2d 536 (1938).

The evidence of record in the case at bar is insufficient to support the Industrial Commission's conclusion that Ms. Bowles' injury was caused by an accident. Nothing in the record indicates that the injury to her back resulted from a fortuitous event, an interruption of her work routine or an unusual task. Ms. Bowles' uncontradicted testimony was that she frequently was required in her regular job to separate pans that were stuck together. She often had to enlist the aid of her co-workers, and sometimes they

would be unable to accomplish this task. It may be true that Ms. Bowles has an unusual job, or that her job is unusually strenuous. Nevertheless, the law is clear that the specific event causing the injury must be unusual in the context of the employee's regular work routine.

There is also no evidence that the injury was caused by a discrete incident. Ms. Bowles stated that she felt the pain before 6 April 1983, that the pain just kept getting worse, and that the pain she felt on 6 April was the same type of pain, just a lot worse than before. According to the findings of the Commission, on 6 April Ms. Bowles was working under conditions identical to those under which she had worked throughout her employment as a quality control inspector. She had the usual help of her co-worker to separate the pans, and she had handled pans stuck just as tightly in the past. *Compare Moore v. Engineering & Sales Co.,* 214 N.C. 424, 429-30, 199 S.E. 605, 608 (1938) (the evidence disclosed that the employee had lifted the pipes in the ordinary manner, but "two things occurred which, taken together, were out of the ordinary, and are sufficient . . . to bring into the transaction the element of unusualness and unexpectedness from which accident might be inferred": (1) the employee did not have the usual help, and (2) the employee never lifted pipes of this extreme weight).

We note that the injury by accident doctrine in this State has come under considerable criticism. *See* Comment, Injury by Accident in Workers' Compensation: Alternatives to an Outmoded Doctrine, 59 N.C. L. Rev. 175 (1980). The rule originated in England and permitted recovery for injuries such as muscle pulls and blood vessel ruptures. The "by accident" requirement was added to exclude self-inflicted injuries. *Id.* at 178-79. In this State, however, the rule was changed back and forth between allowing recovery whenever a worker showed an untoward result and requiring a worker to prove an untoward and unexpected, external cause. *Compare Johnson v. Asheville Hosiery Co.,* 199 N.C. 38, 153 S.E. 591 (1930) *and Smith v. Cabarrus Creamery Co.,* 217 N.C. 468, 8 S.E. 2d 231 (1940) *with Slade v. Willis Hosiery Mills,* 209 N.C. 823, 184 S.E. 844 (1936); *Edwards v. Piedmont Publishing Co.,* 277 N.C. 184, 41 S.E. 2d 592 (1947) *and Hensley.* Since 1983, when N.C. Gen. Stat. Sec. 97-2(6) was amended, injury by accident need not be proven, at least not in back injury cases. Had this

case arisen after the effective date of the amendment, the outcome might have been different. *See Bradley v. Sportswear,* 77 N.C. App. 450, --- S.E. 2d --- (1985).

For the reasons stated above, we hold that the plaintiff was not injured by accident as defined by the Workers' Compensation Act at the time this action arose, and the Industrial Commission erroneously reversed the Deputy Commissioner's decision. Therefore, we

Reverse and remand to the Industrial Commission for proceedings consistent with this opinion.

Judges WEBB and MARTIN concur.