DOUGLAS JEFFREY LANDRY, EMPLOYEE, PLAINTIFF v. US AIRWAYS, INC., EMPLOYER, RSKCO, CARRIER, DEFENDANTS

No. COA01-724

(Filed 7 May 2002)

**Workers' Compensation— injury by accident—unlooked for and untoward event**

The Industrial Commission erred in a workers' compensation case by concluding that plaintiff employee did not sustain an injury by accident as required by N.C.G.S. § 97-2(6) and the case is remanded to determine the degree of disability, because: (1) the lifting of an object by an employee that is heavier than expected or heavier than the usual nature of the object may constitute an unlooked for and untoward event not expected or designed by the injured employee; and (2) plaintiff's testimony supports a finding that an unlooked for and untoward event occurred which was not expected by plaintiff when he lifted a mailbag.

Judge HUNTER dissenting.

Appeal by plaintiff from opinion and award filed 22 February 2001 by the North Carolina Industrial Commission. Heard in the Court of Appeals 26 March 2002.

*Law Offices of George W. Lennon, by George W. Lennon and Michael W. Ballance, for plaintiff-appellant.*

*Brooks, Stevens & Pope, P.A., by Michael C. Sigmon and Matthew P. Blake, for defendant-appellees.*

GREENE, Judge.

Douglas Jeffrey Landry (Plaintiff) appeals an opinion and award of the Full Commission of the North Carolina Industrial Commission (the Commission) filed 22 February 2001 denying his workers' compensation claim against US Airways, Inc. (US Airways) and its insurance carrier RSKCO (collectively, Defendants).

On 3 August 1998, Plaintiff filed a claim with the North Carolina Industrial Commission requesting a hearing before a deputy commissioner. The evidence presented at the hearing established that in 1996, Plaintiff was employed by US Airways. His duties involved com-

puter work three times a week and the loading and unloading of cargo twice a week. The cargo handled by Plaintiff typically involved mail, freight, and passenger luggage, ranging in weight from one-to-five-pound packages to 400-pound freight. On 17 July 1996, Plaintiff and his supervisor Robert Drda (Drda) were unloading a Fokker F28, a small jet aircraft with a seating capacity of approximately sixty-five passengers. They did not have a conveyor belt to assist them, which was not unusual for this type of aircraft. Drda was working inside the luggage compartment while Plaintiff was positioned at the rear of the aircraft next to the opening of the luggage compartment. When Drda pushed a large, yellow mailbag toward the opening, Plaintiff reached over his head to grab it. As Plaintiff turned to place the mailbag into a cargo cart, he discovered it was heavier than he had anticipated and felt a sharp pain in his right shoulder. Plaintiff told Drda about his injury, and together, they completed an injury report.

Plaintiff later discovered the mailbag was filled with processed photos instead of regular mail. Although Plaintiff never knew exactly how much an individual item would weigh until lifting it, he could generally estimate its weight "by sight" before picking it up. Plaintiff testified it was not unusual for a mailbag to be overweight.

Dr. Robert C. Martin (Dr. Martin) diagnosed Plaintiff with a torn rotator cuff. Dr. Martin performed arthroscopic surgery on Plaintiff during which he repaired both a torn labral tendon and extensive rotator cuff tear.

The Commission entered the following pertinent findings:

3. In the loading and unloading of aircraft, [P]laintiff was required to load and unload mail, freight, and passenger luggage. The weights loaded by [P]laintiff ranged from one to five pounds up through 350 to 400 pounds. Packages would be different sizes and types[,] including mail sacks. Plaintiff moved [U.S.] [P]ost [O]ffice sacks. These sacks were weighed by the [U.S.] [P]ost [O]ffice and the actual weights of these sacks were labeled on the outside of the sacks. However, there was no way for [P]laintiff to know how much these sacks weighed until he picked up the sacks because the weights were printed on small tags. It is not unusual that certain mailbags would be very heavy and that [P]laintiff would be unaware of their excessive weight until he picked up those bags . . . .

LANDRY v. U.S. AIRWAYS, INC.

[150 N.C. App. 121 (2002)]

4. On July 17, 1996, [P]laintiff and his supervisor were unloading a Fokker F28 aircraft. Plaintiff and his supervisor were not using a conveyer belt . . . [to] unload[] that aircraft for safety reasons . . . .

5. On July 17, 1996, [Drda] was inside the hold of the aircraft and [P]laintiff was at the rear of the aircraft on the ground removing packages. As [P]laintiff reached to pull a mail sack down and turned to put it on the ground, he felt a sharp pain in his right shoulder.

6. Plaintiff sought medical treatment and ultimately underwent arthroscopic surgery on November 25, 1997 for a posterior-superior labral tear. This condition was caused by the incident with the mailbag on July 17, 1996.[1]

7. On July 17, 1996, [P]laintiff was performing his normal job duties in the normal manner when he injured his right shoulder. Plaintiff was performing his normal motion as he lifted the mailbag and turned. Although the mailbag may have been heavier than he anticipated, [P]laintiff never knew the weight of any mailbag until he lifted the bag. Mailbags often varied in weight and were heavier or lighter than anticipated. Plaintiff's job typically required him to handle mailbags of various unknown weights. Plaintiff was not using a conveyer belt loader to unload the Fokker F28 airplane on July 17, 1996. Approximately 75% of the time a conveyer belt loader was not used on this aircraft. Therefore, [P]laintiff's unloading of this aircraft without the use of a conveyer belt was normal procedure and did not cause any unusual or unforeseen event.

Based on these findings, the Commission concluded "[P]laintiff did not sustain an injury by accident" entitling him to workers' compensation benefits because an accident requires "the introduction . . . of unusual conditions likely to result in unexpected consequences."

The issue is whether the Commission's findings, if based on competent evidence, support its conclusion that Plaintiff did not sustain an injury by accident.

1. While Defendants cross-assign error to the Commission's finding that Plaintiff's condition was caused by the work-related incident with the mailbag on 17 July 1996, Defendants have failed to argue this issue in their brief. Accordingly, it is deemed abandoned. *See* N.C.R. App. P. 28(a).

LANDRY v. U.S. AIRWAYS, INC.

[150 N.C. App. 121 (2002)]

Review on appeal from an opinion and award of the Commission is limited to a determination of whether its findings are supported by competent evidence and whether the findings support the Commission's conclusions. *Cody v. Snider Lumber Co.*, 328 N.C. 67, 70, 399 S.E.2d 104, 105-06 (1991). In order to be compensable under the Workers' Compensation Act, an injury must result from an "accident arising out of and in the course of the employment." N.C.G.S. § 97-2(6) (1999). In deciding whether there was an accident, the only question on appeal is whether there was "an unlooked for and untoward event which is not expected or designed by the [injured employee]," *Gladson v. Piedmont Stores*, 57 N.C. App. 579, 579, 292 S.E.2d 18, 18, *disc. review denied*, 306 N.C. 556, 294 S.E.2d 370 (1982), or "the interruption of the routine work and the introduction thereby of unusual conditions," *Sanderson v. Northeast Construction Co.*, 77 N.C. App. 117, 121, 334 S.E.2d 392, 394 (1985). The lifting of an object by an employee that is heavier than expected or heavier than the usual nature of the object may constitute an unlooked for and untoward event not expected or designed by the injured employee. *Gladson*, 57 N.C. App. at 580-81,. 292 S.E.2d at 19; *see also Calderwood v. Charlotte-Mecklenburg Hosp. Auth.*, 135 N.C. App. 112, 116, 519 S.E.2d 61, 63 (1999) (holding that while the plaintiff's job responsibilities included assisting patients who received epidurals, her regular work routine did not require lifting the legs of women weighing 263 pounds who had received epidurals), *disc. review denied*, 351 N.C. 351, 543 S.E.2d 124 (2000). But "once an activity, even a strenuous or otherwise unusual activity, becomes a part of the employee's normal work routine, an injury caused by such activity is not the result of an interruption of the work routine or otherwise an 'injury by accident.' " *Bowles v. CTS of Asheville*, 77 N.C. App. 547, 550, 335 S.E.2d 502, 504 (1985) (citation omitted).

In this case, the Commission found that "[m]ailbags often . . . were heavier or lighter than anticipated." This finding is not supported by the evidence. Plaintiff merely testified mailbags were often overweight, not that this fact was unanticipated by him when he lifted them. Furthermore, Plaintiff testified he could generally estimate the weight of mailbags by sight but found this particular mailbag heavier than anticipated. Plaintiff's undisputed testimony supports only one finding, namely that an unlooked for and untoward event occurred which was not expected by Plaintiff. *See Gladson*, 57 N.C. App. at 579, 292 S.E.2d at 18. This finding leads to the conclusion Plaintiff sustained an injury by accident when he lifted the mailbag. Accordingly,

we reverse the Commission's opinion and award and remand this case to determine the degree of disability, if any, *see Saums v. Raleigh Community Hosp.*, 346 N.C. 760, 763, 487 S.E.2d 746, 749 (1997) (a claimant under the Workers' Compensation Act has the burden of proving the existence of his disability and its extent), Plaintiff sustained as a consequence of his 17 July 1996 accident arising out of and in the course of his employment with US Airways.

Reversed and remanded.

Judge TIMMONS-GOODSON concurs.

Judge HUNTER dissents.

HUNTER, Judge, dissenting.

I would hold that the Commission's findings of fact, which are supported by competent evidence, are sufficient to support its conclusion of law that plaintiff did not sustain a compensable injury because there were no "unusual conditions likely to result in unexpected consequences." I therefore respectfully dissent.

The Commission's findings of fact are conclusive on appeal where supported by ". . . 'any competent evidence.' " *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (citation omitted), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999). "Thus, on appeal, this Court 'does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.' " *Id.* (citation omitted). Even where the record contains competent evidence to the contrary, we must defer to the findings of the Commission where supported by any competent evidence at all. *Larramore v. Richardson Sports Ltd. Partners*, 141 N.C. App. 250, 259, 540 S.E.2d 768, 773 (2000), *affirmed*, 353 N.C. 520, 546 S.E.2d 87 (2001).

The majority opinion singles out one sentence contained in finding of fact number seven, which sets forth a variety of findings, including that plaintiff was engaged in his normal activities when the injury occurred; that "[a]lthough the mailbag may have been heavier than he anticipated, plaintiff never knew the weight of any mailbag until he lifted the bag"; that plaintiff's job "typically required him to handle mailbags of various unknown weights"; and that the mailbags

LANDRY v. U.S. AIRWAYS, INC.

[150 N.C. App. 121 (2002)]

"often varied in weight and were heavier or lighter than anticipated." Noting that plaintiff never testified in the exact words that mailbags were often heavier than "anticipated," the majority concludes that the Commission's findings of fact are unsupported and the order must be reversed.

Although plaintiff may not have specifically stated that the mailbags were often heavier or lighter than "anticipated," the evidence as a whole clearly supports the Commission's findings that plaintiff's job required him to lift weights of up to 400 pounds; that plaintiff never knew prior to lifting mailbags how much they weighed; that it was not unusual for mailbags to be extremely heavy and that plaintiff would be unaware of the heavy weight of the bags until he lifted them; and that plaintiff was engaged in his normal duties and using his normal motions when injured.

Although plaintiff testified that he could "guess" at a bag's weight prior to picking it up by looking at its size (plaintiff testified that for example, he could tell the difference in weight between an envelope as compared to a bag or an individual person's luggage), he also testified that he never reads the weight labels for any bags prior to picking them up, and that he does not know how much the bags weigh prior to picking them up. Moreover, both plaintiff and his supervisor, Mr. Drda, testified it was not unusual for the post office to exceed its weight restrictions with mailbags, and that the bags would often be heavier than they should be. Mr. Drda also testified that they received and moved bags of developed film "on a regular basis," and that the only thing he recalled as being unusual about 17 July 1996 was that plaintiff had complained about pain in his shoulder—not that there was anything unusual about the mailbag which plaintiff handled.

The preceding evidence constitutes competent evidence which supports the Commission's findings, which in turn support its conclusion that plaintiff did not sustain a compensable injury. I believe the majority has overly focused on a single sentence contained within a finding of fact to the exclusion of all other findings which are supported by competent evidence and which in and of themselves support the Commission's conclusion that plaintiff was not injured as a result of any unusual condition. Accordingly, I respectfully dissent.