For the reasons stated below, I respectfully dissent from the majority's ruling that plaintiff sustained an injury by accident.
It has long been the law in this state that ". . . once an activity, even a strenuous or otherwise unusual activity, becomes a part of the employee's normal work routine, an injury caused by such activity is not the result of an interruption of the work routine or otherwise an `injury by accident' under the Workers' Compensation Act." Bowles v. CTS ofAsheville, 77 N.C. App. 547, 550, 335 S.E.2d 502 (1985); see Landry v. USAirways, 150 N.C. App. 121, 563 S.E.2d 23, reversed in accordance withdissenting opinion, 356 N.C. 419, 571 S.E.2d 586 (2002) (lifting luggage heavier than expected is not an "injury by accident" when part of normal work duties involved lifting heavy luggage). Although there is little question that plaintiff usually worked as a smash technician, the evidence is undisputed that she also routinely worked as a weaver and that lifting was a usual duty of that position. An injury that occurs under normal work conditions is not considered an accident arising out of employment. Poe v. Acme Builders, 69 N.C. App. 147, 316 S.E.2d 338,cert. denied, 311 N.C. 762, 321 S.E.2d 143 (1984). Because it was not unusual for plaintiff to work as a weaver and to perform the lifting which she contends caused her injury, she has not sustained an injury by accident. Working as a weaver and the associated lifting responsibility was not an unusual or new circumstance for plaintiff.
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER