NELSON KONRADY, Employee, Plaintiff v. U.S. AIRWAYS, INC., Employer, RELIANCE NATIONAL INSURANCE COMPANY, Carrier, and SEDGWICK CLAIMS MANAGEMENT, Administrator, Defendants

No. COA02-1504

(Filed 3 August 2004)

**1. Workers' Compensation— injury—accident**

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff employee flight attendant suffered an injury by accident on 18 November 1999 when she misstepped while exiting from a hotel van with an unexpectedly short final step where the steps also overlapped with the curb, because: (1) the issue is not whether exiting vans is routine for plaintiff, but whether something happened as she was exiting that particular van on that specific occasion that caused her to exit the van in a way that was not normal; and (2) the unusual condition of half steps or the unusual circumstance of engaging in missteps was not part of plaintiff's normal work routine even if plaintiff's normal routine included frequent van trips.

**2. Workers' Compensation— injury—causation**

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff employee flight attendant

proved that her injury was causally related to a short step on a hotel van because even though the question of the sufficiency of the evidence as to causation is not properly before the Court of Appeals, there was ample evidence from a doctor's testimony to support the Commission's finding and conclusion that the accident on 18 November 1999 caused plaintiff's disability.

### 3. Workers' Compensation— medical expenses—apportionment

The Industrial Commission did not err in a workers' compensation case by failing to apportion plaintiff's medical expenses and disability between the November 1999 incident and plaintiff employee's previous ACL tear, because: (1) defendants have pointed to no evidence in the record that allocates the medical expenses or the degree of temporary disability between the two conditions; and (2) the lack of evidence of how the expenses or disability should be allocated meant the Commission was not required to apportion.

Appeal by defendants from the Opinion and Award of the North Carolina Industrial Commission entered 17 July 2002 by Commissioner Dianne C. Sellers. Heard in the Court of Appeals 28 August 2003.

*Mark T. Sumwalt, P.A., by Mark T. Sumwalt and Vernon Sumwalt, for plaintiff-appellee.*

*Brooks, Stevens & Pope, P.A., by Daniel C. Pope, Jr. and Kimberley A. D'Arruda, for defendants-appellants.*

GEER, Judge.

Defendants appeal from an Opinion and Award of the Industrial Commission concluding that plaintiff Nelson Konrady suffered a knee injury as a result of an accident when she misstepped while exiting from a van with an unexpectedly short final step. Because the Commission's decision is supported by competent evidence and its findings support its conclusions of law, we affirm.

### Facts

At the time of the hearing before the deputy commissioner, Konrady had been a flight attendant for 28 years. On the evening of 18 November 1999, defendant U.S. Airways had arranged for the flight crew, including Konrady, to stay at the Hilton for their layover in

Raleigh. A Hilton courtesy van arrived at the Raleigh-Durham Airport to transport Konrady and her coworkers to the hotel. As plaintiff descended the steps from the van at the hotel, she "misstepped" on the last step because the last step was shorter than the other steps and because the van had parked so that the steps overlapped the curb. As a result, Konrady unexpectedly stepped onto the elevated curb, rather than down onto the road. Konrady could not recall ever before encountering a shortened step while exiting a van.

Because of Konrady's "misstep," her right leg hit the ground harder than she expected and she immediately felt a sharp pain in her right knee. Konrady testified that the "last step was a short step. It wasn't the same length as the other steps. . . . so when I took that step, I felt some pain in my right knee." She started walking to the back of the van to get her luggage, but felt severe pain again and had to walk with her leg bent for the pain to subside. After retrieving her luggage and going to her hotel room, Konrady went to sleep. She awoke in the middle of the night; when she started to walk to the bathroom, she felt the pain again.

The next morning, Konrady returned to Charlotte on a "no-serve" flight that allowed her to sit in her jump seat for the entire flight. She completed an incident report upon arriving in Charlotte and promptly took a non-working flight to her home in Wilmington and sought medical treatment. Konrady initially saw Dr. William Sutton of the Wilmington Orthopaedic group on 19 November 1999. She had right knee pain upon standing, pain with flexion of the knee, and some tenderness over the medial joint line.

U.S. Airways directed Konrady to see its company physician, Dr. Roger Hershline. Dr. Hershline diagnosed a bilateral knee strain and excused Konrady from work through 22 November 1999. Dr. Hershline referred Konrady to Dr. Thomas Parent (also of the Wilmington Orthopaedic group), who had treated her for a prior injury. On 1 December 1999, an MRI revealed a possible meniscal tear and condylar lesion or injury to plaintiff's cartilage. The MRI also revealed an absent cruciate ligament as a result of a previous injury.

In 1998, Konrady had suffered an injury to her right knee playing volleyball. She had the anterior cruciate ligament removed from her knee approximately a year or more before the 18 November 1999 injury. After Dr. Parent performed the ligament removal surgery, Konrady returned to work full-time, participated in triathlons, and had no further problems with her knee until 18 November 1999.

On 12 May 2000, Konrady underwent arthroscopic surgery on her right knee. The surgery revealed a cartilaginous defect that appeared fresh with jagged edges and no surrounding thinning—findings that Dr. Parent testified are consistent with trauma. Dr. Parent repaired the cartilage injury and reconstructed the anterior cruciate ligament from her non-work-related injury. Following surgery, Konrady had a normal recovery. She was unable to work from 18 November 1999 through 1 September 2000.

Defendants denied Konrady's workers' compensation claim on the grounds that her condition was not the result of an accident and, even if an accident occurred, was not caused by the accident. The deputy commissioner filed an Opinion and Award on 15 February 2001 granting Konrady temporary total disability benefits for the period she was out of work and requiring defendants to provide medical treatment. Defendants appealed to the Full Commission. Like the deputy commissioner, the Full Commission concluded, in an Opinion and Award filed 17 July 2002, that Konrady had sustained an injury by accident arising out of and in the course of her employment, that she was entitled to temporary total disability benefits and medical treatment, and that the issue of permanent partial impairment should be reserved.

## Standard of Review

This Court's review of a decision by the Commission "is limited to determining whether there is any competent evidence to support the findings of fact, and whether the findings of fact justify the conclusions of law." *Cross v. Blue Cross/Blue Shield*, 104 N.C. App. 284, 285-86, 409 S.E.2d 103, 104 (1991). If supported by competent evidence, the Commission's findings are conclusive on appeal even though there may be evidence to support contrary findings. *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 115, 530 S.E.2d 549, 552 (2000). The Commission's conclusions of law are reviewable *de novo*. *Smith v. Housing Auth. of Asheville*, 159 N.C. App. 198, 201, 582 S.E.2d 692, 695 (2003).

## I

[1] Defendants first argue that the Commission erred in concluding that Konrady suffered an injury by accident on 18 November 1999. A plaintiff is entitled to compensation for an injury under the Workers' Compensation Act "only if (1) it is *caused by an 'accident,'* and (2) the accident arises out of and in the course of employment." *Pitillo v. N.C. Dep't of Envtl. Health & Natural Res.*, 151 N.C. App. 641, 645,

566 S.E.2d 807, 811 (2002) (emphasis added). Defendants question only whether the manner in which Konrady's injury occurred constituted an "accident" within the meaning of the Workers' Compensation Act. They do not address whether the injury arose out of and in the course of employment.

Our Supreme Court has held that an injury does not arise by accident "[i]f an employee is injured while carrying on his usual tasks in the usual way[.]" *Gunter v. Dayco Corp.*, 317 N.C. 670, 673, 346 S.E.2d 395, 397 (1986). On the other hand, "[a]n accidental cause will be inferred . . . when an interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences occurs." *Id.* To be an accident, the incident must have been for the employee an "unlooked for and untoward event." *Cody v. Snider Lumber Co.*, 328 N.C. 67, 70, 399 S.E.2d 104, 106 (1991).

In arguing that the Commission erred in concluding that Konrady was injured as a result of an "accident," defendants have assigned error to two of the Commission's findings of fact:

4. As plaintiff exited the van at the hotel, the space between the last step and the ground was shorter than the space between the other steps. The van had also parked such that the steps overlapped the curb. As a result, plaintiff "misstepped" and her right leg hit the ground harder than she expected. In addition to the shortened space between the steps, plaintiff expected a greater distance to the road, but instead stepped onto the elevated curb. Plaintiff immediately felt a sharp pain in her right knee.

. . . .

14. The greater weight of the medical evidence is that plaintiff sustained a compensable injury to her right knee arising out of and in the course of her employment with defendant-employer. Plaintiff's misstep exiting the van was an unexpected and unforeseen occurrence, constituting an unusual condition. During plaintiff's twenty-eight year career as a flight attendant, plaintiff averaged approximately twelve layovers per month where her job required her to stay overnight at defendant-employer's designated hotels. Plaintiff could not recall ever encountering a half-step, or shortened step as on 18 November 1999 before while existing [sic] a van. Plaintiff routinely traveled in courtesy vans while going to and from a hotel.

KONRADY v. U.S. AIRWAYS, INC.

[165 N.C. App. 620 (2004)]

Defendants have also assigned error to the Commission's conclusions of law based on these findings:

1. The van pulling closer to the curb and the shorter distance between the bottom step caused plaintiff to misstep. This was an unforeseen circumstance, unusual condition and an interruption of plaintiff's normal work routine. Plaintiff had never encountered this situation during twenty-eight years of employment with defendant-employer.

2. On 18 November 1999, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. G.S. § 97-2(6).

In asking this Court to set aside the Commission's decision, defendants argue that "[e]xiting the van was not an 'unlooked for or untoward event' and there was no interruption in plaintiff's work routine." Defendants point to Konrady's testimony that vans were of varying sizes and types so that each time Konrady stepped off from a van, it was potentially different. They argue that this testimony requires reversal under *Landry v. U.S. Airways, Inc.*, 356 N.C. 419, 571 S.E.2d 586, *rev'g per curiam for the reasons in* 150 N.C. App. 121, 125, 563 S.E.2d 23, 26 (2002) (Hunter, J., dissenting).

Defendants have, however, overlooked the importance of the standard of review in *Landry*. In *Landry*, in contrast to this case, the Commission had concluded that no accident occurred. Judge Hunter's dissent, as adopted by the Supreme Court, was founded on that standard of review: "I would hold that the Commission's findings of fact, which are supported by competent evidence, are sufficient to support its conclusion of law that plaintiff did not sustain a compensable injury because there were no 'unusual conditions likely to result in unexpected consequences.' I therefore respectfully dissent." 150 N.C. App. at 125, 563 S.E.2d at 26.

The plaintiff in *Landry* had been injured when grabbing a mailbag that was heavier than expected. *Id.* at 122, 563 S.E.2d at 24. The Commission based its conclusion that the plaintiff's injury did not result from an accident on its findings that the plaintiff's job required him to lift weights of up to 400 pounds; that plaintiff never knew prior to lifting mailbags how much they weighed; that it was not unusual for mailbags to be extremely heavy; and that plaintiff was engaged in his normal duties and using his normal motions when injured. *Id.* at 126, 563 S.E.2d at 27. Judge Hunter concluded that those findings

were supported by competent evidence and "in and of themselves support the Commission's conclusion that plaintiff was not injured as a result of any unusual condition." *Id.*

While the Commission in *Landry* found that it was not unusual for the plaintiff to lift unexpectedly heavy bags, the Commission in this case found that the van pulling closer to the curb and the shorter distance between the bottom step and the ground were an unforeseen circumstance and unusual condition and that Konrady could not recall ever before having encountered that situation. These findings are, as were those in *Landry*, supported by competent evidence.

In deciding whether the Commission's findings are sufficient to support its conclusion that an accident occurred, the issue is not whether exiting vans is routine for Konrady, as defendants contend, but whether something happened as she was exiting that particular van on that specific occasion that caused her to exit the van in a way that was not normal. Were there any unexpected conditions resulting in unforeseen circumstances? Here, the unexpected conditions found by the Commission included a step that was shorter than other steps and the overlapping of the step with the curb. The unforeseen circumstances found by the Commission were that the step down from the van was much shorter than Konrady anticipated, causing her to "misstep" and hit the ground harder than she expected.

This Court has previously held that similar findings of fact were sufficient to support a conclusion that an accident occurred. In *Dolbow v. Holland Industrial, Inc.*, 64 N.C. App. 695, 308 S.E.2d 335 (1983), *disc. review denied*, 310 N.C. 308, 312 S.E.2d 651 (1984), the Commission found that the plaintiff was engaging in his job of unloading rods from a truck at a job site "when he stepped into a depression, injuring his knee." *Id.* at 697, 308 S.E.2d at 336. The Court held that this finding of fact, together with findings relating to the nature of the injury, were sufficient to support an award of compensation. We cannot distinguish Konrady's "misstep" in exiting a van from *Dolbow's* stepping into a depression.

This Court has also concluded that an "accident" occurred in other cases involving an employee entering or exiting a vehicle, so long as the conditions were different from the routine. In *Coffey v. Automatic Lathe Cutterhead*, 57 N.C. App. 331, 291 S.E.2d 357, *disc. review denied*, 306 N.C. 555, 294 S.E.2d 222 (1982), the Commission found that a salesman injured his back while exiting his car when he reached for a clipboard that had fallen off the car seat. This Court

KONRADY v. U.S. AIRWAYS, INC.

[165 N.C. App. 620 (2004)]

*reversed* the Commission's conclusion that no accident had occurred because the Commission's "own findings show the unusual circumstance of the clipboard being off the seat . . . [and the employee's] normal manner or routine of exiting his car was interrupted by the unusual location of the clipboard." *Id.* at 334, 291 S.E.2d at 359. Because the clipboard had fallen, the plaintiff "experienced an accidental injury upon the interruption of his usual routine of work and the introduction of unusual conditions likely to result in unexpected consequences." *Id.* at 335, 291 S.E.2d at 360.

In *Ross v. Young Supply Co.*, 71 N.C. App. 532, 536, 322 S.E.2d 648, 651-52 (1984), this Court found an interruption of the work routine and the introduction of unusual conditions when a salesman slipped as he put most of his weight on his left leg while trying to wedge himself behind the steering wheel of his car. This Court held, "The facts here tend to show that plaintiff was not entering his automobile in the manner in which he normally entered his automobile." *Id.*, 322 S.E.2d at 652.

Likewise, Konrady did not exit the van in the manner in which she normally exited. The unusual conditions of a clipboard sliding off a car seat or a steering wheel being too close to the seat are not materially different from the condition of a step being unexpectedly short and too close to the ground.

Defendants point to *Bowles v. CTS of Asheville, Inc.*, 77 N.C. App. 547, 550, 335 S.E.2d 502, 504 (1985), arguing that an otherwise "unusual" activity can become part of the normal work routine so as not to result in an interruption of the work routine or an injury by accident. There is no indication in this record that the unusual condition of "half steps" or the unusual circumstance of engaging in "missteps" had become part of Konrady's normal work routine, even if plaintiff's "normal" routine included frequent van trips. *See Calderwood v. Charlotte-Mecklenburg Hosp. Auth.*, 135 N.C. App. 112, 116, 519 S.E.2d 61, 64 (1999) (reversing Commission's denial of compensation because fact that plaintiff's job responsibilities included task that resulted in injury was not dispositive when task on this occasion involved non-routine circumstances), *disc. review denied*, 351 N.C. 351, 543 S.E.2d 124 (2000).

Under the standard of review applicable to appeals from the Industrial Commission, we hold that the Commission's conclusion that plaintiff's injury resulted from an accident is supported by its findings of fact, which are in turn supported by competent evidence.

KONRADY v. U.S. AIRWAYS, INC.

[165 N.C. App. 620 (2004)]

II

**[2]** Defendants contend that even if plaintiff suffered an accident, she has not proven that her injury was causally related to the "short step." In a workers' compensation case, "[t]he injury by accident must be the proximate cause, that is, an operating and efficient cause, without which [the disability] would not have occurred." *Gilmore v. Hoke County Bd. of Educ.*, 222 N.C. 358, 365, 23 S.E.2d 292, 296 (1942).

Defendants did not, however, assign error to the Commission's following findings of fact relating to causation:

10. As a result of plaintiff's 18 November 1999 work-related incident, plaintiff underwent arthroscopic surgery on 12 May 2000. . . .

11. Following surgery, plaintiff had a normal recovery. As a result of plaintiff's work-related incident on 18 November 1999, plaintiff was unable to work from 18 November 1999 through 1 September 2000. . . .

Because of the lack of any assignment of error, these findings of fact are binding on appeal. *Fennell v. N.C. Dep't of Crime Control & Pub. Safety*, 145 N.C. App. 584, 596, 551 S.E.2d 486, 494 (2001) ("As plaintiffs did not assign error to the above findings of fact, they are binding on appeal."), *cert. denied*, 355 N.C. 285, 560 S.E.2d 800 (2002). These findings establish that the 18 November 1999 accident caused her need for surgery and caused her temporary total disability.

Even though the question of the sufficiency of the evidence as to causation is not properly before this Court, our review of the record reveals ample evidence from Dr. Parent to support the Commission's finding and conclusion that the accident on 18 November 1999 caused Konrady's disability. When asked if the changes he observed in her knee after November 1999 are more often associated with trauma or with general degeneration, Dr. Parent stated, "Oh, I think they're—her trauma." He also directly addressed the causation question:

Q. Okay. Do you have an opinion satisfactory to yourself and to a reasonable degree of medical certainty as to whether the—the symptoms that you observed in November of 1999 and thereafter were more likely than not caused by an accident that she described to you on November 18, 1999?

A. Yes. I think that's the cause.

KONRADY v. U.S. AIRWAYS, INC.

[165 N.C. App. 620 (2004)]

Q. Okay. And what's the basis for that opinion?

A. The arthroscopy.

. . . .

Q. Okay. And specifically, if you would, just tell us briefly what those findings were that lead to your opinion that it was caused by trauma as opposed to—as opposed to anything else.

A. Well, she had a very focal cartilaginous injury and those occur from trauma.

Dr. Parent's testimony thus provides competent medical evidence based on his physical examination sufficient to support the Commission's findings of fact regarding causation.

III

[3] Finally, defendants argue that the Commission erred in not apportioning plaintiff's medical expenses and disability between the November 1999 incident and Konrady's previous ACL tear. This argument was not the subject of any assignment of error and, therefore, is not properly before us.

In any event, although apportionment may be appropriate when a work-related and a non-compensable condition combine to cause disability, an employee may receive "full compensation for total disability without apportionment when the nature of the employee's total disability makes any attempt at apportionment between work-related and non-work-related causes speculative." *Errante v. Cumberland County Solid Waste Mgmt.*, 106 N.C. App. 114, 119, 415 S.E.2d 583, 586 (1992).[1] The Commission may also decline to apportion when the record lacks evidence attributing a percentage of the employee's total incapacity to her compensable injury. *Counts v. Black & Decker Corp.*, 121 N.C. App. 387, 390-91, 465 S.E.2d 343, 346, *disc. review denied*, 343 N.C. 305, 471 S.E.2d 68 (1996).

Defendants have pointed to no evidence in the record that allocates the medical expenses or the degree of temporary disability between the two conditions. Dr. Parent's testimony indicates that the surgery was performed to diagnose and repair the knee injury attrib-

---

1. Plaintiff correctly contends that apportionment is not appropriate when a work-related condition aggravates or accelerates a non-work-related condition. *Id.* Our review of the record does not, however, reveal any evidence that Konrady's temporary disability was the result of an aggravation of a prior condition rather than a new condition.

utable to the 18 November 1999 accident and that the ACL reconstruction was simply done at the same time. Plaintiff testified, "I decided that since I was going to have the cartilage damage repaired, that I might as well go on and have a ligament replacement while he was in there." With respect to the disability, Dr. Parent testified that he would expect the recovery time for surgery to repair cartilage damage and surgery for ACL reconstruction to be "about the same, depending on the person" and there was "[p]robably not" any increase in the recovery time. Because of the lack of evidence of how the expenses or disability should be allocated, the Commission was not required to apportion.

Affirmed.

Judges McGEE and BRYANT concur.