**EVANS v. WILORA LAKE HEALTHCARE/HILLTOPPER HOLDING CORP.**

[180 N.C. App. 337 (2006)]

KERICE EVANS, Employee, Plaintiff v. WILORA LAKE HEALTHCARE/HILLTOPPER HOLDING CORP., Employer, ACE/USA, Carrier, Defendants

No. COA06-128

(Filed 21 November 2006)

**Workers' Compensation— injury by accident—usual task in usual way**

> The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff employee did not sustain an injury by accident on either 5 May 2003 or 20 May 2003, because: (1) if an employee is injured while carrying on his or her usual tasks in the usual way, the injury does not arise by accident; (2) nothing in the record indicated plaintiff was performing unusual or unexpected job duties; (3) plaintiff did not testify her actions on the pertinent days required unexpected, unusual, or extreme exertion; and (4) plaintiff's testimony showed her actions on the pertinent days were normal job duties for a certified nursing assistant.

Appeal by plaintiff from opinion and award entered 6 October 2005 by Commissioner Bernadine S. Ballance for the North Carolina Industrial Commission. Heard in the Court of Appeals 30 October 2006.

*Tania L. Leon, P.A., by Tania L. Leon, for plaintiff-appellant.*

*Hedrick Eatman Gardner & Kincheloe, L.L.P., by Adam E. Whitten, for defendants-appellees.*

TYSON, Judge.

Kerice Evans ("plaintiff") appeals from the opinion and award of the Full Commission of the North Carolina Industrial Commission (the "Commission") denying her claims for Workers' Compensation from Wilora Lake Health Care/Hilltopper Holding Corp. ("defendant"). The Commission found and concluded plaintiff did not suffer an injury by accident on either 5 May 2003 or 20 May 2003. We affirm.

## I. Background

Defendant is a healthcare facility where residents of various functioning levels live and receive care. Plaintiff worked for defendant as a certified nursing assistant.

Plaintiff testified her job duties included:

Feeding, passing trays, and feeding residents, grooming, dressing, undressing, changing their garments, whether Depends or whatever they wear. Preparing them for bed. If they're in the bed, get them up out of their bed and keeping their surroundings clean and transporting them to the dining room or to activities, whatever they might do.

Plaintiff stated she would help residents who could not get into and out of bed by themselves.

Plaintiff testified she was injured on 5 May 2003 and 20 May 2003 while working for defendant. On 5 May 2003, plaintiff assisted a resident's family member to help remove the resident's sweat pants. The resident was unable to turnover on her own. Plaintiff used the bed pad beneath the resident to help turn her and remove her pants. While performing these duties, plaintiff felt a "pop" in her left wrist.

On 6 May 2003, defendant sent plaintiff to Eastland Urgent Care ("Eastland"). The physician at Eastland diagnosed plaintiff with a wrist sprain and ganglion cyst. Plaintiff was advised to wear a wrist splint and was excused from work until 10 May 2003. On 10 May 2003, plaintiff returned to Eastland complaining of pain in her left wrist. Plaintiff was referred to an orthopedist for further treatment and was excused from work until treated by the orthopedist.

On 12 May 2003, plaintiff presented to Dr. Roger K. Hershline ("Dr. Hershline"). Dr. Hershline diagnosed plaintiff with a minor thumb strain, instructed her to wear a wrist splint, and to place an ice pack on her hand twice a day. Dr. Hershline returned plaintiff to a modified work schedule from 13 May 2003 through 27 May 2003.

On 20 May 2003, plaintiff was working light duty for defendant. As part of her light duty work, plaintiff was given a list of residents who needed vital signs taken. Plaintiff took the residents' blood pressure manually because the automatic pressure cup was broken. Plaintiff began feeling pain in her right hand and became lightheaded. Plaintiff's supervisor took her blood pressure, which was high, and told her to sit until the dinner trays arrived. Plaintiff sat until dinnertime. Plaintiff began passing food trays to residents after the food trays arrived. Plaintiff testified carrying the trays was painful to her right hand and she struggled to hold the trays in the normal manner. Plaintiff was excused from passing the trays.

Plaintiff asserted Workers' Compensation claims against defendant based on the alleged injuries she sustained on 5 May 2003 to her left hand and on 20 May 2003 to her right hand. The Commission denied plaintiff's claims. After listing its findings of fact, the Commission concluded as a matter of law, "[p]laintiff failed to establish that she suffered an injury by accident on either May 5, 2003 or May 20, 2003, as defined by the North Carolina Workers' Compensation Act. An injury is only compensable under the Act if it is caused by 'accident.' " The Commission further concluded, "[a]n injury that occurs under normal work conditions, no matter how serious the injury, is not considered an injury caused by 'accident' and is not compensable under the Act." Plaintiff appeals.

## II.  Issue

Plaintiff argues the Commission erred by concluding she did not sustain an injury by accident on either 5 May 2003 or 20 May 2003.

## III.  Standard of Review

Our review of the Commission's opinion and award is limited to whether competent evidence was admitted to support the Commission's findings of fact. *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998). The Commission's findings of fact may only be set aside when "there is a complete lack of competent evidence to support them." *Click v. Freight Carriers*, 300 N.C. 164, 166, 265 S.E.2d 389, 390 (1980). The Commission's mixed findings of fact and all conclusions of law are fully reviewable *de novo* by this Court. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982); *Cauble v. Soft-Play, Inc.*, 124 N.C. App. 526, 528, 477 S.E.2d 678, 679 (1996), *disc. rev. denied*, 345 N.C. 751, 485 S.E.2d 49 (1997).

## IV.  Injury by Accident

Plaintiff argues the evidence shows she suffered an injury by accident on both 5 May 2003 and 20 May 2003. Plaintiff asserts she injured her left wrist on 5 May 2003 and her right wrist on 20 May 2003.

To be compensable an "injury by accident [must arise] out of and in the course of employment." N.C. Gen. Stat. § 97-2(6) (2005). An accident has been defined as "an unlooked for and untoward event which is not expected or designed by the injured employee." *Harding v. Thomas & Howard Co.*, 256 N.C. 427, 428, 124 S.E.2d 109, 110-11 (1962). "There must be some unforeseen or unusual event other than

the bodily injury itself." *Rhinehart v. Roberts Super Market, Inc.*, 271 N.C. 586, 588, 157 S.E.2d 1, 3 (1967).

"An accident . . . involves 'the interruption of the routine of work and the introduction thereby of unusual conditions likely to result in unexpected consequences.' " *Calderwood v. Charlotte-Mecklenburg Hosp. Auth.*, 135 N.C. App. 112, 115, 519 S.E.2d 61, 63 (1999) (quoting *Adams v. Burlington Industries*, 61 N.C. App. 258, 260, 300 S.E.2d 455, 456 (1983)), *disc. rev. denied*, 351 N.C. 351, 543 S.E.2d 124 (2000). "If an employee is injured while carrying on [her] usual tasks in the usual way the injury does not arise by accident." *Gunter v. Dayco Corp.*, 317 N.C. 670, 673, 346 S.E.2d 395, 397 (1986).

Plaintiff argues her left hand was injured by accident resulting from the unusual and unforseen circumstances created by the resident's family member struggling to remove the resident's pants. Plaintiff argues she was forced to apply unexpected force to move the pad on which the resident was laying. Plaintiff argues her right hand was injured by accident because extra effort was required to take manual blood pressure readings instead of using the automatic pressure cup. We disagree.

Plaintiff testified her job duties included:

Feeding, passing trays, and feeding residents, grooming, dressing, undressing, changing their garments, whether Depends or whatever they wear. Preparing them for bed. If they're in the bed, get them up out of their bed and keeping their surroundings clean and transporting them to the dining room or to activities, whatever they might do.

Plaintiff stated if patients could not enter and exit beds on their own she would assist them.

Plaintiff also testified about the 5 May 2003 injury:

The pad is underneath the resident to keep her from wetting the bed. We also using (sic) it in transferring, whether we're turning or pulling them up and them down in the bed or whatever the situation might be. [The resident's family member] was trying to pull [the resident] towards herself, struggling to do so. And so I grabbed the pad on each corner and lifted towards her to help her bring [the resident] closer to her, because she was struggling to bring her closer in order to pull her sweat pants down off that side of her hip.

Plaintiff contends she exerted unexpected force to move the pad on which the resident lay and her injuries resulted from an accident. *See Porter v. Shelby Knit, Inc.*, 46 N.C. App. 22, 27, 264 S.E.2d 360, 363 (1980) ("[E]vidence of the necessity of extreme exertion is sufficient to bring into an event causing an injury the necessary element of unusualness and unexpectedness from which accident may be inferred.").

Nothing in the record indicates plaintiff was performing unusual or unexpected job duties. Plaintiff did not testify her actions on either 5 May 2003 or 20 May 2003 required unexpected, unusual, or extreme exertion. "If an employee is injured while carrying on [her] usual tasks in the usual way the injury does not arise by accident." *Gunter*, 317 N.C. at 673, 346 S.E.2d at 397. Plaintiff's testimony shows her actions on both 5 May 2003 and 20 May 2003 were normal job duties for a certified nursing assistant. *Id.* Plaintiff's assignment of error is overruled.

## V.  Conclusion

The Commission did not err in concluding as a matter of law that plaintiff failed to establish she suffered an injury by accident on either 5 May 2003 or 20 May 2003. The Commission's opinion and award is affirmed.

Affirmed.

Chief Judge MARTIN and Judge CALABRIA concur.