IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-651

 No. COA21-70

 Filed 7 December 2021

 North Carolina Industrial Commission, IC No. 18-018836

 JENNIFER ALDRIDGE, Employee, Plaintiff

 v.

 NOVANT HEALTH, INC., Employer (Self-Insured), Defendant

 Appeal by Defendant from an Opinion and Award entered 30 September 2020

 by the North Carolina Industrial Commission. Heard in the Court of Appeals 20

 October 2021.

 Campbell & Associates, by Bradley H. Smith, for plaintiff-appellee.

 Jason P. Burton for defendant-appellant.

 HAMPSON, Judge.

 Factual and Procedural Background

¶1 Novant Health, Inc., (Defendant) appeals from an Opinion and Award entered

 by the Full Commission (Commission) of the North Carolina Industrial Commission

 concluding Jennifer Aldridge (Plaintiff) suffered an injury by accident and granting

 Plaintiff’s claim for compensation under the Workers’ Compensation Act. The Record

 reflects the following:
 ALDRIDGE V. NOVANT HEALTH, INC.

 2021-NCCOA-651

 Opinion of the Court

¶2 Plaintiff began working as a registered nurse for Defendant in November 2010.

 Plaintiff worked at “Stanback Rehabilitation” unit in Rowan Hospital in Salisbury,

 North Carolina. On 7 March 2018, Plaintiff was assigned to work on the “med-surg

 unit”—not her usually assigned unit. On that day, Kayla Beeker (Beeker) a certified

 nursing assistant (CNA), asked Plaintiff to assist Beeker in changing a pad

 underneath a patient who had soiled herself. The patient was “very large” weighing

 between 300 and 400 pounds. While Beeker stood on one side of the patient and

 pulled the patient’s hip toward Beeker, Plaintiff stood on the other side and pushed

 the patient’s hip with Plaintiff’s left hand and pulled on the soiled pad with her right

 hand.

¶3 As Plaintiff pulled the pad, she heard a “snapping sound” and felt “a very sharp

 pain and burning sensation that went from [her] wrist to [her] elbow” and to her

 shoulder, neck, and back. Plaintiff had to pull with more force than usual because of

 the patient’s size. Moreover, the patient did not help as Plaintiff tried to pull the pad

 from under the patient. Plaintiff sought medical treatment, including surgery, as a

 result of her injury. Plaintiff filed a Notice of Accident with Defendant. Defendant

 denied Plaintiff’s workers’ compensation claim on the basis that Plaintiff’s injury was

 “not the result of an accident or sudden traumatic event.”

¶4 On 31 July 2018, Plaintiff filed a request for a hearing with the Industrial

 Commission on her compensation claim. Plaintiff’s compensation claim came on for
 ALDRIDGE V. NOVANT HEALTH, INC.

 2021-NCCOA-651

 Opinion of the Court

 hearing on 17 January 2019 before a Deputy Commissioner. The Deputy

 Commissioner heard testimony from both Plaintiff’s and Defendant’s witnesses. In

 addition to the factual circumstances leading to Plaintiff’s injury, Plaintiff testified

 that when she changes a patient’s pad, the patient typically pulls themselves up on

 the side of the bed so that Plaintiff can roll the patient to the right and remove the

 pad. According to Plaintiff, the patient in this instance “wasn’t helping . . . at all.”

 When Plaintiff assisted with moving a patient who weighed as much as the patient

 in the incident in question, Plaintiff would always be part of a team of at least three

 people moving the patient. Plaintiff estimated she moved a patient of that size twice

 a month as part of a team of three to four people. Plaintiff also stated she would help

 others move patients “once a shift” on any given floor of the hospital and that “one

 out of five” patients were overweight.

¶5 Beeker testified as Defendant’s witness. Although Beeker could not recall how

 much the patient in this case weighed, she described the patient as “pretty hefty, but

 it’s not uncommon for two of us to be turning a patient that is overweight and not

 willing to help.” However, Beeker explained when a patient is “extremely obese or

 they’re a difficult patient that we’ve already tried once to move . . . we’ll call for extra

 help and a lot of times it’s maybe three of us, maybe four at the most.” Beeker also

 stated she would have preferred to have three or four people moving the patient she

 and Plaintiff moved on the day in question. She had also never witnessed Plaintiff
 ALDRIDGE V. NOVANT HEALTH, INC.

 2021-NCCOA-651

 Opinion of the Court

 attempt to move a patient weighing approximately 350 pounds with only one other

 person helping in the time Beeker had worked with Plaintiff.

¶6 Victoria Tuttle (Tuttle) testified on Plaintiff’s behalf. Tuttle was employed by

 Defendant as a CNA at Rowan Hospital and worked with Plaintiff once or twice a

 month at the time. Tuttle testified she had to move patients weighing 350 pounds to

 change their pads as part of her duties with Defendant; but, when she did, “[t]hree to

 four” people would assist and “[s]ix would be great if they’re noncompliant or they

 can’t help themselves.” Tuttle stated she had previously tried to move a patient

 weighing 350 pounds with only one other person assisting but could not do it, and she

 had to get more help.

¶7 Christopher Cook (Cook) testified on Defendant’s behalf. Cook testified he was

 employed as a nurse manager for Defendant at Rowan Hospital on the date in

 question. According to Cook, nurses and nursing assistants would change pads on

 patients every day and that he noticed a “trend in the population of obesity [in

 patients] increasing[.]” Cook testified multiple nurses would work together in teams

 to move overweight patients “daily.” However, Cook was not aware of an official

 policy or protocol directing nurses or nursing assistants on how many employees

 should assist in moving patients based on a patient’s weight and size. Cook also

 stated that teams of at least three employees were needed to move patients on a “daily

 basis[.]”
 ALDRIDGE V. NOVANT HEALTH, INC.

 2021-NCCOA-651

 Opinion of the Court

¶8 On 16 October 2019, the Deputy Commissioner entered an Opinion and Award

 in Plaintiff’s favor. Based on the testimony, exhibits, and depositions filed in the

 claim, the Deputy Commissioner made the following pertinent Findings of Fact:

 5. In an attempt to change the soiled bed pad, CNA Beeker pulled
 the patient towards herself, and Plaintiff pushed from the
 opposite side of the bed, while also pulling on the bed pad with
 her right arm. The patient did not assist in moving herself. As
 she was pulling on the bed pad, Plaintiff heard a snap and felt
 sharp pain and a burning sensation in her right arm. Plaintiff
 immediately stopped and indicated to CNA Beeker that she had
 injured herself. . . .

 ....

 7. It was not unusual for Plaintiff to be asked to work a different
 unit; this occurred approximately two to three times per month.
 In general, it was not unusual for a CNA to ask Plaintiff for help;
 this occurred regularly. It was also not unusual for Plaintiff to
 pull a bed pad out from under a patient; she estimated she
 performed this specific task twice per month.

 ....

 9. It was also not uncommon for patients to be unable or unwilling
 to help when being moved; this could be due to dementia, being
 sedated, or being post-surgical.

 10. Prior to March 7, 2018, Plaintiff had assisted in moving large
 patients before, but only as a team of three or four people.
 Plaintiff estimated she assisted in this fashion approximately
 twice per month.

 11. Prior to March 7, 2018, Plaintiff had never tried to pull out a
 soiled bed pad from underneath such a large patient who did not
 assist, with only one other employee helping.
 ALDRIDGE V. NOVANT HEALTH, INC.

 2021-NCCOA-651

 Opinion of the Court

 12. . . . As a CNA, Tuttle had removed bed pads from soiled
 patients weighing 350 pounds as part of a team of three or four
 people. It was not unusual for a team of 3 or 4 people to perform
 this task as it occurred daily.

 13. CNA Tuttle had also attempted to perform the task of
 removing a bed pad from a 350-pound patient with one other
 person, without success. CNA Tuttle had never seen Plaintiff
 attempt to do so.

 ....

 15. CNA Beeker agreed that with a patient as large as 350 pounds
 who was unable to assist, you would want a team of three or four
 people moving the patient, and she would call for extra help.

 16. CNA Beeker had also not seen Plaintiff attempt to move a 350
 pound patient with the help of just one other person.

 17. The undersigned finds that removing the soiled bed pad from
 underneath an uncooperative patient weighing 350 pounds, with
 just one other employee’s assistance, was not part of Plaintiff’s
 normal work routine as a Registered Nurse for Defendant-
 Employer. Such task was unusually difficult and had not been
 performed by Plaintiff previously; therefore, it constituted an
 interruption of Plaintiff[’s] usual work routine.

¶9 Consequently, the Deputy Commissioner concluded:

 4. The preponderance of the evidence in this matter demonstrates
 Plaintiff’s injury occurred while she was assisting a CNA with the
 task of removing a soiled bed pad from underneath an unusually
 large patient who was either unable or unwilling to assist in
 lifting herself; said task was typically performed by a team of 3 or
 more employees; . . . This unusually difficult task was something
 Plaintiff had never performed before and was not part of her
 normal work routine.
 ALDRIDGE V. NOVANT HEALTH, INC.

 2021-NCCOA-651

 Opinion of the Court

 5. Accordingly, the undersigned concludes the March 7, 2018,
 incident constituted an interruption of plaintiff’s regular work
 routine that was neither designed nor expected by plaintiff and
 is, therefore, compensable as an injury by accident. N.C. Gen.
 Stat. § 97-2(6).

 Therefore, the Deputy Commissioner entered an award in Plaintiff’s favor.

 Defendant filed Notice of Appeal to the Full Commission on 29 October 2019.

¶ 10 On 30 September 2020, “[h]aving reviewed the prior Opinion and Award based

 upon the record of proceedings before Deputy Commissioner Brown, . . . and the

 parties’ briefs and oral arguments, the Full Commission” entered its Opinion and

 Award “pursuant to N.C. Gen. Stat. § 97-85.” The Commission made the following

 relevant Findings of Fact:

 4. While attempting to change the soiled bed pad, CNA Beeker
 pulled the patient toward herself, and plaintiff pushed from the
 opposite side of the bed, while also pulling on the bed pad with
 her right arm. The patient did not assist in moving herself. As
 she was pulling on the bed pad, plaintiff heard a snap and felt
 sharp pain and burning sensation in her right arm. Plaintiff
 immediately stopped and indicated to CNA Beeker that she had
 injured herself.

 ....

 7. It was not unusual for plaintiff to encounter overweight or
 obese patients while at work. Mr. Cook estimated that on any
 given day, 50% of the patients were overweight and 25% of the
 patients were obese, with on average two patients as large as 350
 pounds. It was also not uncommon for patients to be unable or
 unwilling to help when being moved, which could be due to
 dementia, being sedated, or being post-surgical.
 ALDRIDGE V. NOVANT HEALTH, INC.

 2021-NCCOA-651

 Opinion of the Court

 8. Prior to March 7, 2018, plaintiff assisted in moving large
 patients, but only as a team of three or four people. Plaintiff
 estimated she assisted in this fashion approximately twice per
 month. Also prior to March 7, 2018, plaintiff never attempted to
 remove a soiled bed pad from underneath such a large
 uncooperative patient, with only one other employee helping.

¶ 11 Consequently, the Commission concluded:

 1. “A plaintiff is entitled to compensation for any injury under the
 Workers’ Compensation Act ‘only if (1) it is caused by an accident,
 and (2) the accident arises out of and in the course of
 employment.’ ” N.C. Gen. Stat. § 97-2(6); Gray v. RDU Airport
 Auth., 203 N.C. App. 521, 525, 692 S.E.2d 170, 174 (2010) (quotng
 Pitillo v. N.C. Dep’t of Envtl. Health & Natural Res., 151 N.C.
 App. 641, 645, 566 S.E.2d 807, 811 (2002); N.C. Gen. Stat. § 97-
 1(6) (2009)). “The plaintiff bears the burden of proving both
 elements of the claim.” Id. (quoting Morrison v. Burlington
 Industries, 304 N.C. 1, 13, 282 S.E.2d 458, 467 (1981)).

 2. The elements of an “accident” include the interruption of the
 routine of work and the introduction thereby of unusual
 conditions likely to result in unexpected consequences. An
 “accident within the meaning of the North Carolina Workers’
 Compensation Act is “an unlooked for and untoward event which
 is not expected or designed by the injured employee.” Adams v.
 Burlington Indus. Inc., 61 N.C. App. 258, 260, 300 S.E.2d 455, 456
 (1983).

 3. “The terms ‘accident’ and ‘injury’ are separate and distinct
 concepts, and there must be an ‘accident’ that produces the
 complained-of ‘injury’ in order for the injury to be compensable.”
 N.C. Gen. Stat. § 97-2(6); Gray, 203 N.C. App. at 525, 692 S.E.2d
 at 174; O’Mary v. Clearing Corp., 261 N.C. 508, 510, 135 S.E.2d
 193, 194 (1964).

 4. In the present case, the preponderance of the evidence in this
 matter demonstrates plaintiff’s injury occurred while she was
 assisting a CNA with the task of removing a soiled bed pad from
 ALDRIDGE V. NOVANT HEALTH, INC.

 2021-NCCOA-651

 Opinion of the Court

 beneath an unusually large patient who was either unable or
 unwilling to assist in lifting herself. This task was typically
 performed by a team of three or more employees. This unusually
 difficult task was something plaintiff had never performed before
 and was not part of her normal work routine. Accordingly, the Full
 Commission concludes the March 7, 2018, incident constituted an
 interruption of plaintiff’s regular work routine that was neither
 designed nor expected by plaintiff and is, therefore, compensable
 as an injury by accident. N.C. Gen. Stat. § 97-2(6); See Calderwood
 v. Charlotte-Mecklenburg Hosp. Auth., 135 N.C. App. 112, 519
 S.E.2d 61 (1999).

 Therefore, the Full Commission entered an award in Plaintiff’s favor. Defendant

 timely filed written Notice of Appeal from the Full Commission’s Opinion and Award

 to this Court on 29 October 2020.

 Issue

¶ 12 The issue on appeal is whether the Commission erred in determining Plaintiff

 suffered an injury by accident, and thus, was entitled to compensation.

 Analysis

¶ 13 Defendant argues the Commission erred in awarding Plaintiff’s claim because

 the competent evidence in the Record did not support the Commission’s Finding and

 Conclusion the 7 March 2018 incident was an “accident” under the Workers’

 Compensation Act. Our standard of review for a Commission’s opinion and award is

 limited to whether the Commission’s findings of fact support its conclusions of law.

 Where the competent evidence supports the Commission’s findings, those findings

 are binding on appeal. Legette v. Scotland Mem’l Hosp., 181 N.C. App. 437, 442, 640
 ALDRIDGE V. NOVANT HEALTH, INC.

 2021-NCCOA-651

 Opinion of the Court

 S.E.2d 744, 748 (2007) (citation omitted). “Thus, on appeal, this Court does not have

 the right to weigh the evidence and decide the issue on the basis of its weight. The

 court’s duty goes no further than to determine whether the record contains any

 evidence tending to support the finding.” Adams v. AVX Corp., 349 N.C. 676, 681,

 509 S.E.2d 411, 414 (1998) (citation and quotation marks omitted). We review the

 Commission’s conclusions of law de novo. McRae v. Toastmaster Inc., 358 N.C. 488,

 496, 597 S.E.2d 695, 701 (2004) (citation omitted).

¶ 14 Although Defendant’s brief asserts the competent evidence did not support the

 Commission’s Findings regarding Plaintiff’s injury, Defendant really argues the

 Commission’s Findings did not support its Conclusion the 7 March 2018 incident was

 an “accident” under the statute and, thus, compensable. Here, the Commission

 found: Plaintiff was injured as a result of moving the patient while trying to change

 the patient’s soiled bed pad; it was not unusual for Plaintiff to assist in moving

 patients, even obese patients weighing 350 pounds; that it was not unusual for some

 patients to be unable or unwilling to help as Plaintiff attempted to move them and

 change their bed pads; but, that Plaintiff had never before attempted to change a bed

 pad on a patient weighing 350 pounds with only one other person, and Plaintiff had

 always attempted to move a patient of this size as part of a team of three to four

 people.
 ALDRIDGE V. NOVANT HEALTH, INC.

 2021-NCCOA-651

 Opinion of the Court

¶ 15 The competent evidence in this case supports these Findings. Plaintiff testified

 she had never before moved a patient of this size with only one other person helping.

 Beeker testified the patient involved in this case was a patient she would have

 preferred to have a team of three to four to move. Moreover, Beeker testified she had

 never seen Plaintiff move a patient of that size with just one other person before.

 Similarly, Tuttle testified: she had usually moved a patient of that size as part of a

 team of three to four; she had previously tried to move a patient of that size with just

 one other person helping but could not; and Tuttle had never witnessed Plaintiff move

 a patient of that size with just one person helping. Cook testified that, although he

 was not aware of any protocols for moving patients of this size, using teams of three

 to four people to do so occurred on a daily basis. Thus, the Record evidence supports

 the Commission’s Finding Plaintiff had never moved a patient of this size with just

 one other person helping and that she routinely moved a patient of this size as part

 of a team of three to four.

¶ 16 The crux of Defendant’s argument is that these Findings do not support the

 Commission’s Conclusion Plaintiff’s injury was the result of a compensable accident

 under the Workers’ Compensation Act codified in Chapter 97 of our General Statutes.

 “ ‘Injury and personal injury’ shall mean only injury by accident arising out of and in

 the course of the employment . . . .” N.C. Gen. Stat. § 97-2(6) (2019). “A plaintiff is

 entitled to compensation for an injury under the Workers’ Compensation Act only if
 ALDRIDGE V. NOVANT HEALTH, INC.

 2021-NCCOA-651

 Opinion of the Court

 (1) it is caused by an accident, and (2) the accident arises out of and in the course of

 employment.” Pitillo v. N.C. Dep’t of Envtl. Health & Nat. Res., 151 N.C. App. 641,

 645, 566 S.E.2d 807, 811 (2002) (citation and quotation marks omitted). “There must

 be an accident followed by an injury by such accident which results in harm to the

 employee before it is compensable under our statute.” O’Mary v. Clearing Corp., 261

 N.C. 508, 510, 135 S.E.2d 193, 194 (1964) (citation and quotation marks omitted).

¶ 17 An accident is “an unlooked for or untoward event which is not expected or

 designed by the person who suffers the injury[;] [t]he elements of an accident are the

 interruption of the routine of work and the introduction thereby of unusual conditions

 likely to result in unexpected consequences.” Shay v. Rowan Salisbury Sch., 205 N.C.

 App. 620, 624, 696 S.E.2d 763, 766 (2010) (citations omitted, brackets in original).

 However: “Once an activity, even a strenuous or otherwise unusual activity, becomes

 a part of the employee’s normal work routine, an injury caused by such activity is not

 the result of an interruption of the work routine or otherwise an ‘injury by accident’

 under the Workers’ Compensation Act.” Bowles v. CTS of Asheville, 77 N.C. App. 547,

 550, 335 S.E.2d 502, 504 (1985) (citations omitted).

¶ 18 Here, the Commission concluded:

 This unusually difficult task was something plaintiff had never
 performed before and was not part of her normal work routine.
 Accordingly, the Full Commission concludes the March 7, 2018,
 incident constituted an interruption of plaintiff’s regular work
 routine that was neither designed nor expected by plaintiff and
 ALDRIDGE V. NOVANT HEALTH, INC.

 2021-NCCOA-651

 Opinion of the Court

 is, therefore, compensable as an injury by accident. N.C. Gen.
 Stat. § 97-2(6); See Calderwood v. Charlotte-Mecklenburg Hosp.
 Auth., 135 N.C. App. 112, 519 S.E.2d 61 (1999).

 The Commission’s Findings Plaintiff had never moved a patient weighing 350 pounds

 with only one person helping and that such patients were typically moved by a team

 of three to four people supports the Commission’s Conclusion the incident in question

 constituted an interruption of Plaintiff’s work routine and was not designed or

 expected by Plaintiff.

¶ 19 Calderwood v. Charlotte-Mecklenburg Hosp. Auth., the case the Commission

 cited in its Opinion and Award, supports Plaintiff’s assertion this incident was an

 accident under the Workers’ Compensation Act. 135 N.C. App. 112, 519 S.E.2d 61

 (1999). In Calderwood, the plaintiff was a nurse in a labor and delivery unit. Id. at

 113, 519 S.E.2d at 62. Plaintiff was injured when she lifted a patient’s leg numerous

 times over a thirty-minute period; however, this patient weighed 263 pounds and was

 unable to assist in lifting her leg. Id. The plaintiff testified she routinely lifted

 patients’ legs during labor and delivery, but that this patient’s leg was unusually

 heavy and the plaintiff had never had to lift a patient’s leg without assistance from

 the patient. Id. The Commission found that the plaintiff had conducted her job “in

 the usual way” and concluded the plaintiff’s injury did not occur by accident. Id. at

 114, 519 S.E.2d at 63.
 ALDRIDGE V. NOVANT HEALTH, INC.

 2021-NCCOA-651

 Opinion of the Court

¶ 20 On appeal, this Court concluded there was no evidence to support the

 Commission’s finding the plaintiff conducted her employment in the usual way where

 the “undisputed evidence” was that she had never lifted a patient’s leg where the

 patient was unusually large and unable to assist the plaintiff. Id. at 115-16, 519

 S.E.2d at 63. We reasoned: “The question is whether her regular work routine

 required lifting the legs of women weighing 263 pounds” and were unable to assist.

 Id. at 116, 519 S.E.2d at 63. Although Calderwood addressed whether the evidence

 supported the Commission’s finding the plaintiff conducted her work in the usual

 way, this Court’s reversal of the Commission implied the incident could have been an

 accident under the statute.

¶ 21 Similarly, here, the question before the Commission was whether Plaintiff’s

 regular work routine required her to help move a patient weighing 350 pounds, and

 who was unable or unwilling to assist, with only the help of one other person. The

 Commission’s Findings that Plaintiff had never attempted to move a patient of this

 size with only one other person, and that such patients were usually moved by a team

 of three to four people supported the Conclusion this incident was unforeseen and

 was an interruption not designed or expected by Plaintiff. See Legette, 181 N.C. App.

 at 446, 640 S.E.2d at 750-51 (holding plaintiff moving a patient alone was an

 interruption to her work routine where the plaintiff had to exert more force than

 usual and where the maneuver was typically a two-person task).
 ALDRIDGE V. NOVANT HEALTH, INC.

 2021-NCCOA-651

 Opinion of the Court

¶ 22 Defendant argues this case is similar to Evans v. Wilora Lake

 Healthcare/Hilltopper Holding Corp., 180 N.C. App. 337, 637 S.E.2d 194 (2006), and

 Landry v. U.S. Airways, Inc., 150 N.C. App. 121, 563 S.E.2d 23, rev’d per curiam, 356

 N.C. 419, 571 S.E.2d 586 (2002), where our courts held the plaintiffs’ injuries were

 not the result of accidents. In Evans, the plaintiff worked for a healthcare facility

 caring for residents within the facility. Evans, 180 N.C. App. at 337, 637 S.E.2d at

 194-95. The plaintiff’s duties included: “Feeding, passing trays, . . . grooming,

 dressing, undressing, [and ] changing . . . garments[.]” Id. at 338, 637 S.E.2d at 195.

 The plaintiff claimed her left wrist was injured as she was helping a resident—with

 the assistance of the resident’s family member—remove the resident’s pants. Id. We

 held although the plaintiff claimed she “exerted unexpected force to move the pad on

 which the resident lay . . . [n]othing in the record indicates plaintiff was performing

 unusual or unexpected job duties.” Id. at 341, 637 S.E.2d at 196.

¶ 23 The plaintiff in Landry worked for the airline unloading mail, freight, and

 luggage. Landry, 150 N.C. App. at 121-22, 563 S.E.2d at 24. The plaintiff injured

 himself as he lifted a mail bag that was heavier than the plaintiff had expected. Id.

 at 122, 563 S.E.2d at 24. The mailbags ranged from one pound to 400 pounds. Id.

 The Commission concluded the plaintiff’s injury was not the result of an accident. Id.

 at 123, 563 S.E.2d at 25. This Court held the Commission’s finding that “[m]ailbags

 often . . . were heavier or lighter than anticipated” was unsupported by the evidence
 ALDRIDGE V. NOVANT HEALTH, INC.

 2021-NCCOA-651

 Opinion of the Court

 where the plaintiff “merely testified mailbags were often overweight, not that this

 fact was unanticipated by him when he lifted them.” Id. at 124, 563 S.E.2d at 26.

 Therefore, this Court reversed the Commission’s Opinion and Award. Id. at 124-25,

 563 S.E.2d at 26.

¶ 24 However, the dissenting opinion concluded that, although the bags were

 sometimes heavier or lighter than expected, “the evidence as a whole clearly supports

 the Commission’s findings that plaintiff’s job required him to lift weights up to 400

 pounds”; “that plaintiff never knew prior to lifting mailbags how much they weighed”;

 and “that it was not unusual for mailbags to be extremely heavy” and for the plaintiff

 to be unaware of that fact until he moved them. Id. at 126, 563 S.E.2d at 27.

 Consequently, the dissent would have concluded the plaintiff “engaged in his normal

 duties and using his normal motions when injured.” Id. The North Carolina Supreme

 Court reversed this Court for the reasons stated in the dissent. 356 N.C. 419, 571

 S.E.2d 586 (2002).

¶ 25 Here, unlike in Evans, Plaintiff testified she had never moved a patient of this

 size without more than one person assisting. The plaintiff in Evans did not claim

 that she would have usually had more help—indeed, the resident’s family member

 was assisting the plaintiff—only that moving the resident required more force than

 she expected. Similarly, the plaintiff in Landry did not claim he would usually lift a

 heavy bag with more assistance, only that he did not expect the particular bag in
 ALDRIDGE V. NOVANT HEALTH, INC.

 2021-NCCOA-651

 Opinion of the Court

 question to be as heavy as it was. However, there was no evidence in either of these

 cases showing the plaintiffs experienced unexpected circumstances outside the

 normal course of their employment. In this case, although Plaintiff did have to move

 large patients as a part of her normal duties, the Commission’s Findings reflect she

 never had to do so in the manner which led to her injury and, unlike in Evans and

 Landry, this was outside the usual, normal, and expected job duties. Moreover, the

 testimony during the hearing supports those Findings, and it is not this Court’s place

 to reweigh the evidence. Adams, 349 N.C. at 681, 509 S.E.2d at 414.

¶ 26 Thus, here, we conclude the Commission’s Findings support its Conclusion

 Plaintiff’s injury was the result of an accident. Therefore, in turn, the Commission

 did not err in concluding Plaintiff suffered a compensable injury under the Workers’

 Compensation Act. Consequently, the Commission did not err in entering its Opinion

 and Award in favor of Plaintiff.

 Conclusion

¶ 27 Accordingly, for the foregoing reasons, we affirm the Commission’s Opinion

 and Award.

 AFFIRMED.

 Judges DILLON and DIETZ concur.